69177, 69178. HINES v. THE STATE (two cases).
(327 SE2d 786)

McMurray, Presiding Judge.

Defendant was indicted, tried and convicted of child molestation

(Case No. 69177) and aggravated sodomy (Case No. 69178). He was sentenced to serve concurrent 20 year terms for each crime. Error is enumerated, inter alia, upon the general grounds. Defendant primarily contends the evidence was not sufficient to authorize the jury to find him guilty of aggravated sodomy because the State failed to prove the element of "force."

Upon the trial of the case, the State presented the testimony of the victim's father. He testified that he observed the defendant (the victim's uncle) committing acts of sodomy with his daughter when he happened to enter his daughter's bedroom. The victim's mother testified that she saw the defendant (her brother) and her daughter in the bedroom after her husband found them and that both of them were naked. Essentially, the State offered no other pertinent evidence of the crimes. The victim, a nine-year-old child, was ruled incompetent to testify by the court. Thus, no evidence was presented by the State concerning issues of "consent" or "force." *Held*:

1. "A person commits the offense of child molestation when he does any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). Considerations of "consent" and "force" are irrelevant in a child molestation case. *Coker v. State*, 164 Ga. App. 493, 494 (297 SE2d 68). Accordingly, the evidence was sufficient to enable a rational trier of fact to reasonably find the defendant guilty of the offense of child molestation beyond a reasonable doubt. *Coker v. State*, 164 Ga. App. 493 (1), supra.

2. The aggravated sodomy conviction presents a more difficult case. "A person commits the offense of aggravated sodomy when he commits sodomy with force and against the will of the other person." OCGA § 16-6-2 (a).

The term "against the will" means without the victim's consent. *Drake v. State*, 239 Ga. 232, 233 (236 SE2d 748). "A female under 14 years of age is legally incapable of giving consent." *Drake v. State*, 239 Ga. 233, supra. Thus, it was not necessary for the State to prove the "against the will" element because the victim was under 14 years of age. *Drake v. State*, 239 Ga. 233, supra. See *LaPan v. State*, 167 Ga. App. 250, 253 (2) (305 SE2d 858). It must be observed, however, that the terms "force" and "against the will" are not synonymous. *Drake v. State*, 239 Ga. 233, supra. Was it necessary for the State to prove that the defendant used "force" in the case sub judice?

Relying upon *Carter v. State*, 122 Ga. App. 21 (176 SE2d 238), the State contends the element of "force" is "automatically supplied by the commission of the crime on a person, such as a young child of [9] years of age, who has neither the physical nor the mental capacity to give consent as a matter of law." *Carter v. State*, 122 Ga. App. 21,

22 (1), supra. On the other hand, defendant, citing *Drake v. State*, 239 Ga. 232, supra, contends it was incumbent upon the State to demonstrate the use of "force" in order to convict him of aggravated sodomy.

In *Drake v. State*, 239 Ga. 232, 233, supra, the Supreme Court analyzed the crimes of forcible rape and statutory rape and that court concluded that in order to convict a defendant of forcibly raping a girl under 14 years of age, force must be shown by the evidence. The *Drake* court segregated the issues of "consent" and "force," and held that "the age of the victim is irrelevant in a forcible rape case except insofar as it may show her incapable of giving consent and thereby supply the 'against her will' element. *Force must also be shown . . .*" (Emphasis supplied). *Drake v. State*, 239 Ga. 232, 234, supra.

We are constrained to hold that the principles enunciated in *Drake* are applicable to the case sub judice and that *Carter v. State*, 122 Ga. App. 21, supra, was implicitly overruled by the Supreme Court's subsequent decision in *Drake*. We hold, therefore, that although it was not necessary for the State to prove that the nine-year-old victim did not consent to the acts complained of, it was necessary for the State to prove that the defendant used force to commit the acts of sodomy. No evidence of force was introduced by the State. Accordingly, the evidence was not sufficient to support the aggravated sodomy conviction.

We note that subsequent to the date of the offenses in the indictments in the cases sub judice the legislature enacted aggravated child molestation legislation. The amendment to OCGA § 16-6-4 (c), effective July 1, 1984, defines the offense of aggravated child molestation as follows: "A person commits the offense of aggravated child molestation when he commits an offense of child molestation which results in physical injury to the child or involves an act of sodomy." Effective July 1, 1984, a person commits the offense of aggravated child molestation when he commits an offense of child molestation involving an act of sodomy with a child. A person convicted of this offense shall be punished by imprisonment for a term of not less than one nor more than 30 years.

3. In view of our ruling in Division 2, we need not consider defendant's remaining enumeration of error.

4. The conviction and sentence of the defendant of the offense of child molestation is affirmed; the conviction and sentence of the defendant of the offense of aggravated sodomy is reversed.

*Judgment affirmed in Case No. 69177. Judgment reversed in Case No. 69178. Sognier, J., concurs. Deen, P. J., concurs in the judgments only.*

Decided March 5, 1985.

*Archibald A. Farrar, Jr.*, for appellant.

*David L. Lomenick, Jr., District Attorney, David L. Whitman, Assistant District Attorney*, for appellee.