## 75106. CLARK v. THE STATE.
(361 SE2d 549)

DEEN, Presiding Judge.

Larry F. Clark appeals from his conviction of child molestation asserting the general grounds.

The evidence showed that the victim was thirteen years old when appellant entered her home through a bedroom window while she was babysitting her younger sister and raped her. During the evening, while she was watching television, she noticed that a light went on in the kitchen and got up to investigate. She was grabbed around the waist and thrown on the sofa. Her assailant told her not to scream or he would kill her. She could not see his face because it was covered by a T-shirt, but she recognized his voice and called him "Larry." During their struggle she would not pull her pants down and he hit her on the lip. He was able to remove her pants and had intercourse with her. Immediately after he left, she called the police and she was taken to the hospital.

The attending physician testified that the victim's lip was swollen, that she had an abrasion on her neck, and that she detected vaginal secretions during the examination. In a statement given to the police shortly after his arrest, Clark admitted having sexual relations with the victim, but denied using force. He claimed that the victim let him in the house through the front door and denied using a bedroom window to enter the house. He further denied knowing that the victim was under the age of fourteen. *Held*:

Under OCGA § 16-6-4 (a), "[a] person commits the offense of child molestation when he does any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." "Considerations of 'consent' and 'force' are irrelevant in a child molestation case." *Hines v. State*, 173 Ga. App. 657, 658 (327 SE2d 786) (1985); *Coker v. State*, 164 Ga. App. 493 (297 SE2d 68) (1982). "[S]ociety has evolved a code of ethics which ultimately demands that those who travel roughshod over others be required to stew in their own juice." *Hatton v. State*, 39 S2d 713. Illegally entering of the house and body of another, as here shown, results in a

rough, rude, raping and running roughshod over the rights of another. A review of the evidence shows that it was sufficient for a rational trier of fact to find the defendant guilty of the offense of child molestation beyond a reasonable doubt. *Hines v. State,* supra.

Judgment affirmed. *Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 1, 1987.

*J. Robert Joiner,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys,* for appellee.