## A89A0153. EVANS v. THE STATE.
(381 SE2d 760)

BEASLEY, Judge.

Evans was indicted for rape, OCGA § 16-6-1, and two counts of aggravated sodomy, OCGA § 16-6-2 (a), against the same victim. He was acquitted of the rape charge and of the count of aggravated sodomy accusing him of committing cunnilingus on the victim against her will. He was convicted of the remaining charge of aggravated sodomy by forcing the victim against her will to perform fellatio on him. His motion for new trial was denied.

1. As to the general grounds, see *Lewis v. State*, 186 Ga. App. 92 (1) (366 SE2d 305) (1988); *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988); *Stinson v. State*, 185 Ga. App. 543 (364 SE2d 910) (1988); see also *Davis v. Carter*, 100 Ga. App. 831 (2) (112 SE2d 319) (1959) re civil cases. The evidence is construed so as to uphold the verdict. *Thomas v. State*, 175 Ga. App. 873, 874 (1) (334 SE2d 903) (1985).

At approximately 11:00 p.m., Evans offered to give the victim a ride home in his truck/van. The victim accepted the offer of a ride because she was acquainted with Evans as her neighbor and had in fact that morning borrowed $15 from him. After she got in Evans' vehicle, the victim realized that Evans was driving in the wrong direction. She tried to escape but Evans would not let her out. He repeatedly beat her with a stick. Evans parked his vehicle in a field down the road from his apartment. He tore the victim's clothes off and forced her to perform oral sex on him. After the attack, Evans passed out or fell asleep and the victim managed to get away. The victim sustained swelling and tenderness over her left eye, a laceration over her right shoulder, and some abrasions over her left knee.

The police located Evans' vehicle parked in the field. They found the naked Evans passed out or asleep in the back of the vehicle. Evans remained unconscious for approximately a half hour. Articles of the victim's clothing were found inside and outside Evans' vehicle.

Evans admitted giving the victim a ride but denied any sexual contact with her. His version was that the victim was "trying to sell me her body," that she had ripped off her own clothes, that she was near passing out, and that while he waited for her to pass out, he took his clothes off to make her think he was going to have sex with her. He further contended that he had been "set-up," that the victim had him arrested so his home could be burglarized later that evening.

"It is the function of the jury to determine the credibility of the witnesses, including that of the defendant. The jurors must weigh and resolve any conflicts presented by the evidence." *King v. State*, 157 Ga. App. 733, 734 (1) (278 SE2d 491) (1981). See OCGA § 24-9-80. The jury resolved the conflicting versions of the events against the

defendant, and the evidence was sufficient to enable any rational trier of fact to find defendant Evans guilty of aggravated sodomy beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court was not required by law to afford a new trial.

2. Appellant enumerates error in the overruling of his objection to a "non-responsive, gratuitous, and prejudicial" statement by an investigating detective called as a State's witness, in that the court refused to admonish the witness.

In the first place, appellant cites no authority to support the contention that this was error, and that it was prejudicial to the point of requiring a new trial. Rule 15 (c) (2) would be applicable. Insofar as there is argument, we address it.

The State asked the detective to describe clothing found in the course of his investigation. The detective prefaced his response by explaining, "Certainly. And if you'll bear with me, I've had some seven rape calls since midnight. And this is all starting to run together." The defense objected on the basis that the statement was not responsive and prejudicial but did not elaborate how this was so and asked that the witness be admonished. The court stated that it did not think the response was prejudicial, that it had nothing to do with the case, and that the detective was simply saying he had been busy and to bear with him. Defendant did not lodge further objection.

Appellant now maintains that the court allowed the trial to become tainted by the perception of a sea of sexual attacks on women which denied him a fair trial.

Appellant's objection at trial was too general and vague to present any question for determination by the trial court. Moreover, appellant cannot now raise and request a ruling on a ground of argument that he did not make below. See *Croom v. State*, 165 Ga. App. 676, 677 (3) (302 SE2d 598) (1983). More significantly, as the trial court noted, it was clear that the detective's comments were merely a request for the court and jury to be patient while he sought to gain organization and focus on the case at hand. Although the statement was unresponsive and irrelevant, the court made clear that the detective's statement had no bearing on the case on trial. The fact that the jury returned verdicts of not guilty on the rape charge and on the other aggravated sodomy charge belies appellant's late argument that the statement prejudiced the jury so that it could not render an untainted determination.

3. Appellant contends that the trial court erred in overruling his objection to certain remarks made by the State in closing argument which he contends constituted a personal attack on defense counsel by accusing counsel of suborning perjury. He urges that the comments violated the Code of Professional Responsibility and tainted

the trial.

During the course of the trial, defendant attempted to develop the defense that the incident was a setup so that his apartment could be broken into after his arrest. In this regard he introduced a certified copy of a ten-year-old burglary conviction of the victim's.

During closing argument, the assistant district attorney commented on the victim's burglary conviction and the setup defense: ". . . Let's talk about reality. I suggest to you that [defense counsel] saw this conviction and said aha, this is the scenario. This is what we're going to say. This will make it work." Defense counsel interjected: "Your honor, she's inferring that I found this and made up some sort of story. I take offense at that, your honor." The court overruled the "objection" and instructed the State to proceed.

Assuming that the defense's interjection constituted an objection, "' "'[a] mere objection to alleged improper argument of counsel, without more, is not sufficient to invoke a ruling of the court; and in the absence of a specific motion either for a mistrial, or that the jury be instructed to disregard the argument, it was not error to fail to grant a mistrial or to instruct the jury.' [Cit.]" [Cit.]' [Cit.]" *Jordan v. State*, 172 Ga. App. 96, 98 (4) (322 SE2d 106) (1984).

4. Appellant contends that the trial court erred in charging the jury on "consent." Again without benefit of any supporting authority, he argues consent was not an issue in the case since he denied sexual contact with the prosecutrix, that the instruction was harmful because it impermissibly suggested that sexual intercourse did indeed occur, and that the jury could have erroneously applied the "consent issue" to the aggravated sodomy charge resulting in his conviction.

Evans was charged with rape. The references to consent in the court's charge were as part of the definition of the crime of rape. See OCGA § 16-6-1. Instruction on consent in this regard was required "since lack of consent is a necessary element of the offense of rape." *Hardy v. State*, 159 Ga. App. 854, 857 (285 SE2d 547) (1981).

Moreover, consent is also at issue in a prosecution for aggravated sodomy. See OCGA § 16-6-2 (a); see also *Hines v. State*, 173 Ga. App. 657, 658 (2) (327 SE2d 786) (1985) (non-precedential); *Riddlehoover v. State*, 153 Ga. App. 194 (1) (264 SE2d 666) (1980).

5. Appellant contends that the trial court erred in charging the jury on voluntary intoxication because it was not at issue in the case in that he did not claim intoxication as a defense. He maintains that by giving the charge the court suggested that he committed the acts and that the jury could not excuse him simply because he was drunk.

There was substantial evidence that Evans had been drinking at the time of the incident, including his own admission that he had been drinking a couple of beers. The evidence therefore supported the appropriateness of the instruction on voluntary intoxication even

though Evans did not rely on it as a defense. *Robinson v. State*, 258 Ga. 279, 281 (4) (368 SE2d 513) (1988).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 19, 1989.

*J. Robert Joiner*, for appellant.

*Lewis R. Slaton, District Attorney, R. Andrew Weathers, Joseph J. Drolet, Constance C. Russell, Assistant District Attorneys*, for appellee.