## A91A1159. MILES v. THE STATE.
(411 SE2d 566)

SOGNIER, Chief Judge.

James Matthew Miles was convicted of aggravated sodomy and child molestation of his 11-year-old niece. He appeals from the denial of his motion for new trial.

1. Appellant first contends the trial court erred by concluding that certain evidence introduced by the State — two audio tapes of interviews with the victim, one audio tape of appellant's statement to detectives, and a medical report — was not subject to his pretrial discovery motions. Contrary to his assertions, the record reveals that the medical report was provided by the State in its discovery responses. The trial court correctly held that the interview tapes, which the court reviewed in camera, were not required to be produced under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) because they contained no exculpatory material. *Castell v. State*, 250 Ga. 776, 781 (2) (a) (301 SE2d 234) (1983). With regard to the tape of appellant's statement, the State was not precluded from introducing it into evidence because the prosecutor complied with the requirements of OCGA § 17-7-210 (d) by providing a written summary of the incriminating and inculpatory portions to appellant prior to trial. *Golden v. State*, 163 Ga. App. 629, 632 (3) (295 SE2d 144) (1982). Moreover, appellant waived his right to object on appeal to the playing of any of the tapes for the jury because counsel expressly stated at trial that he had no objection to their presentation even after being invited by the trial judge to register an objection. See *Hight v. State*, 195 Ga. App. 727, 730 (6) (394 SE2d 636) (1990). Accordingly, we find no error.

2. Appellant's objection to the court's ruling concerning allegedly untimely discovery responses served by the State is similarly without merit. Pretermitting the question whether the responses were filed within the requisite time periods, the record reveals the medical reports were made available to appellant as soon as the prosecutor received them, thereby complying with OCGA § 17-7-211 (b), and appellant was afforded a ten-day period within which to interview the two additional witnesses, which satisfied the purpose of OCGA § 17-7-110. See *Williams v. State*, 242 Ga. 757-758 (1) (251 SE2d 254) (1978).

3. Appellant's enumeration concerning the trial court's refusal to give his proposed pre-evidentiary charge is controlled adversely to him by *Cagle v. State*, 160 Ga. App. 803 (1) (287 SE2d 660) (1982).

4. We find no error in the trial court's decision to restrict appellant's cross-examination of Judy Haralson, the Department of Family & Children's Services investigator, as to the issues appellant listed in enumerations 5 and 6. As to enumeration 5, while evidence tending to

establish that someone else committed the crime at issue is admissible under certain circumstances, *Butler v. State*, 254 Ga. 637, 640 (332 SE2d 654) (1985), we find no abuse of discretion in the trial court's conclusion that evidence suggesting that the victim's mother's boyfriend had *slapped* the victim several weeks after the molestation at issue occurred was not relevant to the question whether appellant *molested* the victim. With regard to enumeration 6, the information sought from Haralson was purely conjectural. " 'The right of cross-examination is not abridged where cross-examination of a witness is not permitted as to irrelevant matters or as to relevant matters but by improper questions. The trial court has a discretion to control the right of cross-examination within reasonable grounds, and the exercise of this discretion will not be controlled unless abused. (Cits.)' [Cit.]" *Owens v. State*, 178 Ga. App. 750, 751-752 (4) (344 SE2d 722) (1986).

5. Appellant next contends the trial court erred by allowing the county victim-witness coordinator to sit near the victim while she testified. This situation is analogous to the circumstances dealt with in cases such as *Walker v. State*, 132 Ga. App. 476 (208 SE2d 350) (1974) and *Nunnally v. State*, 235 Ga. 693, 699-700 (2) (221 SE2d 547) (1975) in which our courts have addressed the propriety of allowing a relative of a crime victim to sit at counsel table with the prosecutor. Here, as in *Nunnally*, the State established that the coordinator's presence was needed for the orderly presentation of the case (the victim had asked that the coordinator sit with her), and the coordinator's answers to voir dire questions demonstrated that she had not coached the victim or otherwise influenced her testimony. Moreover, as in *Nunnally*, no evidence of improper conduct by the coordinator was brought to the trial court's attention. In addition, we cannot consider appellant's argument based on OCGA § 17-8-54 because it was not raised or ruled upon in the trial court. *Evans v. State*, 191 Ga. App. 364, 365 (2) (381 SE2d 760) (1989). Accordingly, we find no deprivation of appellant's right to a fair trial.

6. Appellant next enumerates as error the trial court's failure to "requir[e] on its own motion the attendance of [his] subpoenaed witness, Bo Parsons." Appellant's characterization of the events is belied by the record, which reveals that appellant did not follow up on the service of the subpoena to ensure that the witness had been served and would attend the trial. Indeed, he did not even raise the issue of Parsons' appearance until the third day of trial despite being offered several opportunities to present the matter to the court. The record further reveals that appellant never requested or made the proper showing for a continuance under OCGA § 17-8-33 or for any other relief despite the court's repeated invitations. We find no authority for appellant's theory that the trial court should have ordered relief

he specifically declined to request. Thus, there is nothing for this court to review.

7. We find no error in the court's refusal to charge the jury on the provisions of former OCGA § 19-7-5 (e), which classified as a misdemeanor the willful failure of certain officials to report a suspected case of child abuse. Appellant was not charged with a violation of that provision, and any effect this statutory requirement had on the victim's teacher's decision to report the abuse the victim had described was wholly irrelevant to the issues in the case. See generally *Elrod v. State*, 195 Ga. App. 571, 573 (6) (394 SE2d 548) (1990) (no error when court denies request to charge on matter not in issue).

8. After charging the jury on the elements of aggravated sodomy and child molestation, the trial court instructed them, over appellant's objection, that "the law in this State provides that a child under fourteen (14) years of age is incapable of consenting to illicit sexual acts with another." Appellant enumerates this charge as error, contending that consent is not an element of the charged crimes and that the charge improperly suggested that appellant's defense was that sexual contact did occur but was consensual. We do not agree. Aggravated sodomy is defined as the commission of "sodomy with force and against the will of the [victim]." OCGA § 16-6-2. In *Drake v. State*, 239 Ga. 232 (1) (236 SE2d 748) (1977), a case involving charges of forcible and statutory rape, the court held that the phrase "against [the] will means without the victim's consent. Id. at 233. Since "[a] female under 14 years of age is legally incapable of giving consent," the court reasoned, the trial court correctly charged that "the element of 'against her will' was automatically shown by her age." Id. This analysis is equally applicable to the identical element required in proof of aggravated sodomy. See *Huggins v. State*, 192 Ga. App. 820-821 (1) (386 SE2d 703) (1989). Thus, the trial judge correctly charged the jury that the element of "against the will," or consent, was automatically shown by the victim's age.

9. Finally, we address appellant's contentions that the trial court erred by denying his motions for directed verdict and new trial. The victim testified she shared the same house with appellant in the fall of 1989 when he lived for several months in the home she shared with her mother and sister and again in March 1990 when she stayed with her grandmother. She testified that on a number of occasions he pulled her into his bedroom in the middle of the night and inserted his finger into her vagina, forced her to perform fellatio, masturbated to ejaculation in her presence, and removed her clothing and rubbed his penis on her. She also testified that she was afraid of appellant, that he offered her money in exchange for these acts, and that he threatened to do the same things to her younger sister if she told. The victim's trial testimony was consistent with statements she had given

to her teacher, her mother, the school counselor, and county investigators. Dr. Janet Bull testified that upon examining the victim she found scabies on the victim's buttocks and genitals, which she testified could be transmitted by skin-to-skin contact, and a sexually transmitted vaginal infection. Dr. Bull also testified that in the course of the examination, the victim's vagina accommodated digital penetration, which Dr. Bull stated was unusual for a girl of that age. Dr. Bull stated further that these conditions were consistent with sexual abuse.

We find this evidence sufficient to satisfy the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Goode v. State*, 171 Ga. App. 901-902 (1) (321 SE2d 410) (1984). Appellant's contention that the conviction cannot be sustained because the victim's testimony was not corroborated is without merit, as no corroboration was required for the charged offenses. *Scales v. State*, 171 Ga. App. 924-925 (2) (321 SE2d 764) (1984). Moreover, this contention mischaracterized the evidence, for Dr. Bull's testimony did provide corroboration.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 22, 1991.

*John W. Knapp, Jr.*, for appellant.

*J. David McDade, District Attorney, David R. York, Assistant District Attorney*, for appellee.