## A96A0393. LUKE v. THE STATE.
(474 SE2d 49)

SMITH, Judge.

Marcus Luke appeals his convictions of two counts of aggravated sodomy, OCGA § 16-6-2, two counts of aggravated child molestation, OCGA § 16-6-4 (c), and one count of child molestation, OCGA § 16-6-4 (a).

Construed to support the jury's verdict, evidence was presented that on October 15, 1994, J. L., Luke's 13-year-old nephew, spent the night at Luke's house. J. L. testified that sometime after midnight, he and Luke got into the back seat of Luke's car, and in response to Luke's requests, J. L. and Luke engaged in mutual masturbation. J. L. also testified that Luke performed oral sodomy on him, then instructed J. L. to do the same to him. He testified that Luke also placed his finger in his anus. While J. L. testified that he was not forced to do these acts, he stated that he did not want to do them. J. L. testified that he told Luke he had to go to the bathroom, got out of the car, and ran naked to his own home about a mile away. J. L.'s father testified that J. L. came home around 5:00 a.m., naked, cold, and out of breath and told him about the incident. J. L. testified that Luke had made him "jack him off" approximately three times before.

1. Relying on *Hines v. State*, 173 Ga. App. 657 (327 SE2d 786) (1985), Luke argues that the trial court erroneously denied his motion for directed verdict of acquittal because the State failed to prove the element of force necessary to convict him of aggravated sodomy. In *Hines*, relying on *Drake v. State*, 239 Ga. 232 (236 SE2d 748) (1977), we reversed defendant's conviction of aggravated sodomy, holding that the State was required to prove the element of force, but not consent, where the victim was nine years old. *Hines*, 173 Ga. App. at 658 (2). In *Drake*, defendant was convicted of forcible rape of his nine-year-old daughter. The Supreme Court differentiated between the "against the will" and "force" elements necessary to prove forcible rape. The Court held that the lack of consent element necessary to prove forcible rape was "automatically shown" by proof

that the victim was under the age of consent, but the element of force "must be shown by evidence." 239 Ga. at 233 (1).

We are not bound by *Hines* because one judge on the panel concurred in the judgment only. See Court of Appeals Rule 35 (b); *Cooper v. State*, 180 Ga. App. 37, 38-39 (1) (348 SE2d 486) (1986), aff'd, 256 Ga. 631 (352 SE2d 382) (1987). We are compelled, though, in light of more recent appellate decisions, to examine the holding in *Drake* that lack of consent, but not force, is established by proof of the victim's age.

(a) We note initially that both the rape and aggravated sodomy statutes require the State to establish that the crimes were committed with force and against the will of the victim. OCGA §§ 16-6-1; 16-6-2. Our courts, however, have defined inconsistently the method of establishing force in rape and sodomy cases. As noted above, in *Drake*, the Supreme Court held that consent but not force is established by proof of the victim's age. In aggravated sodomy cases, this Court has routinely held that both elements — force, as well as lack of consent — are presumed when sexual acts are performed against children. In *Cooper v. State*, supra, 180 Ga. App. 37 where the defendant was convicted of aggravated sodomy on a five-year-old victim, we criticized *Drake* and *Hines*,[1] stating that "in rape (and perforce in sodomy) the force necessary to overcome the victim's resistance was the force meant by the statute. Since in one incapable of resisting or of consenting or dissenting there is no predicate in law for the showing of force as a reaction in resisting defendant, the force that must be shown is simply the force necessary to commit the sexual act on one whom the law views as, in fact, having no legal capacity to resist or deny consent." 180 Ga. App. at 38 (1). We accounted for the inconsistent treatment of the force element in rape and sodomy cases by merely stating that in *Cooper* we were dealing "with sodomy and its special statutory provisions and not with rape and its statutory scheme." 180 Ga. App. at 39. On certiorari, the Supreme Court affirmed, holding: "A five-year-old child cannot consent to any sexual act. [Cits.] Sexual acts directed to such a child are, in law, forcible and against the will. [Cit.]" 256 Ga. 631 (2). The Supreme Court cited *Drake* but did not address the anomalous result that force may be proved by the victim's age in sodomy cases but not in rape cases.

Subsequent cases have relied on the Supreme Court's holding in *Cooper* and apparently have followed the reasoning set out in this Court's opinion in *Cooper* that the proof of force in rape cases involving children differs from such proof in sodomy cases against children.

---

[1] We found the language in *Drake* "seized upon in *Hines*" to be dubious and also noted, as we have done in this case, that *Hines* was not binding authority. 180 Ga. App. at 39.

Since *Cooper*, both the Supreme Court and this Court have consistently held that "[s]exual acts directed toward children are, in law, forcible and against the will. [Cit.]" *Richardson v. State*, 256 Ga. 746, 747 (2) (353 SE2d 342) (1987). See also *Huggins v. State*, 192 Ga. App. 820 (1) (386 SE2d 703) (1989). Thus, although *Drake* differentiates between the elements of "force" and "against the will" in forcible rape cases involving children, in sodomy cases involving children, the cases make no such distinction. See *Daniel v. State*, 194 Ga. App. 495, 497-498 (3) (391 SE2d 128) (1990).

(b) Our cases have not, however, defined "children." We have not established with clarity the maximum age at which the element of force necessary to prove aggravated sodomy is presumed. We have held that the "against the will" or "lack of consent" element is supplied by proof that the victim is under age 14 because a victim of that age " 'is incapable of consenting to illicit sexual acts with another.' " *Miles v. State*, 201 Ga. App. 568 (411 SE2d 566) (1991). In *Cooper v. State*, 180 Ga. App. 37, supra, we adopted *13* as the age below which the element of *force* is automatically supplied. In reaching this conclusion, we relied upon OCGA § 16-3-1, which sets the age of criminal responsibility at 13. Similarly, in *Huggins v. State*, supra, we relied on *Cooper* and stated, "It thus appears that the Supreme Court is of the opinion that an act of sodomy perpetrated upon a child who has not attained the age of 13 constitutes aggravated sodomy because the act done to a child of that age is automatically done with force and against the child's will." 192 Ga. App. at 821 (1). See also *Lapan v. State*, 167 Ga. App. 250 (305 SE2d 858) (1983), where we relied on OCGA § 16-3-1 and stated that "[t]he element of consent is obviated by the victim's age. [Cits.]" Id. at 253 (2).

Relying on OCGA § 16-3-1 as the measure of the age under which force is presumed yields inconsistent results in this case: Because J. L. was 13 at the time of the incident, his age is not sufficient to establish the element of force. But such proof *is* sufficient to prove the element of lack of consent. See, e.g., *Miles*, supra. Nowhere in cases such as *Cooper* and *Huggins*, however, is it mandated that 13 is the age below which the element of force is automatically supplied; those cases use OCGA § 16-3-1 as one standard for determining the age under which force is presumed. That Code section is not dispositive of the issue. Its purpose is not to protect children under the age of 14 from illicit acts of others. Instead, "it simply raises a defense for [children under 13] because of the social desirability of protecting those no more than 12 years of age from the consequences of criminal guilt." *K. M. S. v. State of Ga.*, 129 Ga. App. 683, 685 (200 SE2d 916) (1973).

Because the purpose of OCGA § 16-3-1 is not to protect child victims but to protect child perpetrators from the legal consequences of

their own wrongdoing, and because its application leads to inconsistent results, we do not believe that OCGA § 16-3-1 should be used to set the age above which force may not be presumed. We are instead persuaded that the appropriate and logical age for such a presumption is the statutory "age of consent," which in this case was 14.[2] Our opinion in *Cooper* supports this conclusion. As noted above, we stated there that "in one incapable of resisting or of consenting or dissenting there is no predicate in law for the showing of force as a reaction in resisting defendant." 180 Ga. App. at 38. Under this rationale, if one cannot legally consent due to his or her age, the element of force becomes irrelevant. In *Miles* and in this case, a child under 14 could not legally consent to illicit sexual acts. And under *Cooper*, if one cannot legally consent, force is presumed.

Because J. L. was under 14, the legal age of consent at the time the events involving Luke occurred, both the element of consent and the element of force were proved by evidence of his age. Hence, sufficient evidence was presented to enable a rational trier of fact to find Luke guilty of aggravated sodomy under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). This conclusion avoids the inherent inconsistency resulting from application of OCGA § 16-3-1 to determine the age when force must be proved by evidence other than proof of the victim's age. It is also consistent with the special legislative treatment given to child victims below a certain age (14 at the time of the events in this case, 16 now) with regard to all sex crimes. See OCGA § 16-6-3 (statutory rape), OCGA § 16-6-4 (child molestation and aggravated child molestation), and OCGA § 16-6-5 (enticing a child for indecent purposes).

2. Luke also complains the evidence was insufficient to support his conviction for child molestation and aggravated child molestation on the ground that J. L.'s testimony was impeached. We disagree. Although J. L.'s testimony conflicted with statements he made to a Department of Family & Children Services employee, his credibility at trial was inherently an issue for jury determination. This Court cannot substitute its judgment on issues of credibility for that of the jury. See, e.g., *Potts v. State*, 207 Ga. App. 863, 866 (2) (429 SE2d 526) (1993).

3. Luke argues that evidence of similar transactions was erroneously admitted. A thirty-one-year-old witness testified that when he

---

[2] At the time of the events in issue here, the law of this State provided that a child under the age of 14 could not legally consent to certain sexual acts. After *Miles* was decided (and after Luke was convicted), these statutes were amended to change, effective July 1, 1995, the operative age to 16. See OCGA § 16-6-3 (statutory rape), OCGA § 16-6-4 (child molestation and aggravated child molestation), and OCGA § 16-6-5 (enticing a child for indecent purposes).

was five or six years old, he was visiting at the home Luke shared with his father. Luke placed the witness's hands in Luke's pants and had the witness touch him on the penis. The witness stated that Luke also lowered the witness's head to Luke's penis, "one thing led to another," and Luke ejaculated. The witness also testified that when he was about 18, while he and Luke were in Luke's car, Luke attempted to get him to lay his head in Luke's lap.

Luke argues that this evidence was not admissible because "the State merely mentioned evidence of state of mind, and [the] probability that the former transaction proves the latter." The State introduced the similar transactions to show state of mind, intent, and modus operandi, all appropriate exceptions to the general rule of inadmissibility of similar transactions. See generally *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991); *Oller v. State*, 187 Ga. App. 818 (2) (371 SE2d 455) (1988). We find no merit in this argument.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED JUNE 21, 1996 —
RECONSIDERATION DENIED JULY 11, 1996.

*Susan E. S. Shook*, for appellant.
Marcus Luke, *pro se*.
*Richard A. Malone, District Attorney*, for appellee.