## S02A0088. LUKE v. BATTLE.
### (565 SE2d 816)

SEARS, Presiding Justice.

We granted a habeas corpus application filed by the appellant, Marcus Luke, to consider whether the habeas court erred (1) in ruling that *Brewer v. State*[1] announced a new rule of criminal procedure, as opposed to a new rule of substantive criminal law, and (2) in applying the so-called "pipeline" rule[2] to conclude that Luke could not rely on *Brewer* to support his claim that the State convicted him without proving an element of the crime beyond a reasonable doubt. Under the pipeline rule, a new rule of criminal procedure generally applies only to those cases on direct review or not yet final, and would not apply to cases on collateral review, such as Luke's habeas petition. For the following reasons, we conclude that our decision in *Brewer* announced a new rule of substantive criminal law, as it placed certain conduct beyond the reach of the aggravated sodomy statute that before that decision could have led to criminal liability, and that the habeas court erred by applying the pipeline rule to Luke's claim regarding *Brewer*. Accordingly, we reverse the habeas court's judgment and remand the case to it for proceedings consistent with this opinion.

---

[1] 271 Ga. 605, 607 (523 SE2d 18) (1999).

[2] See *Taylor v. State*, 262 Ga. 584, 586 (422 SE2d 430) (1992); *Teague v. Lane*, 489 U. S. 288, 310-311 (109 SC 1060, 103 LE2d 334) (1989).

1. Luke was convicted of aggravated sodomy involving a victim under the age of 14, and on appeal, Luke contended that the evidence was insufficient to support his conviction because the State had failed to prove the element of force necessary to convict him of aggravated sodomy. The Court of Appeals disagreed, holding that the element of force was presumed by a showing that the defendant committed an act of sodomy on an underage victim and that a showing of actual force was unnecessary to support the conviction.[3] In *Brewer*,[4] however, we overruled *Luke* and numerous other cases, and held that "force is a separate essential element which the State is required to prove to obtain a conviction for aggravated sodomy against a victim under the age of consent";[5] that the State could no longer prove force by showing only an act of sodomy on an underage victim;[6] but that instead the State had to prove force by acts of force, which could include acts of intimidation and mental coercion, against the victim.[7]

In this habeas action, relying on *Brewer*, Luke claimed that the State had failed to prove the element of force. The habeas court, however, held that Luke was not entitled to the benefit of *Brewer*, in that *Brewer* established a new rule of criminal procedure and that new rules of criminal procedure applied only to those cases then on direct review or not yet final.[8] Because Luke was raising the issue on collateral review, the habeas court ruled that *Brewer* was inapplicable. We then granted Luke's habeas application to consider that ruling of the habeas court.

2. We conclude that the present case is controlled adversely to the State by the rationale of the Supreme Court's decision in *Bousley v. United States*,[9] as well as by the rationale of this Court's decision in *Scott v. Hernandez-Cuevas*.[10]

In *Bousley*, the defendant had pled guilty to "using" a firearm during a drug trafficking crime in violation of 18 USC § 924 (c) (1). After Bousley had pled guilty, the Supreme Court held in *Bailey v. United States*[11] that the "use" element of the crime required the active use of the firearm during the drug offense and not merely, as in Bousley's case, the close proximity of the firearm to the drugs.[12]

---

[3] *Luke v. State*, 222 Ga. App. 203 (1) (474 SE2d 49) (1996). As noted in the Court of Appeals's opinion, the victim testified that "he was not forced" to do the acts in question, but that "he did not want to do them." Id. at 203.

[4] 271 Ga. at 606-607.

[5] Id. at 606.

[6] Id.

[7] Id.

[8] See *Taylor*, 262 Ga. at 586; *Teague*, 489 U. S. at 310-311.

[9] 523 U. S. 614 (118 SC 1604, 140 LE2d 828) (1998).

[10] 260 Ga. 466 (396 SE2d 900) (1990).

[11] 516 U. S. 137 (116 SC 501, 133 LE2d 472) (1995).

[12] *Bousley*, 523 U. S. at 616-617.

Bousley filed a habeas petition, contending that he had been misinformed about the essential elements of the crime when he pled guilty, and the Supreme Court considered whether its decision in *Bailey* should be applied retroactively to Bousley's habeas case. The Supreme Court held that *Bailey* had to be applied retroactively. In doing so, the Supreme Court refused to apply the rule of *Teague v. Lane*, holding that *Teague* applied to procedural rules and not to new rules of substantive criminal law.[13]

The Court noted that "[t]his distinction between substance and procedure is an important one in the habeas context."[14] The Court held that when it decides the "meaning of a criminal statute"[15] and decides that the statute "does not reach certain conduct,"[16] it has made a ruling of substantive criminal law.[17] The Court further explained that, unlike most new rules of criminal procedure, it "would be inconsistent with the doctrinal underpinnings of habeas review" for such substantive rulings not to apply retroactively to habeas review.[18] The Court thus held that Bousley was entitled to rely on the Court's ruling in *Bailey* in his habeas case.[19]

This Court came to a similar conclusion in *Hernandez-Cuevas*.[20] In that case, Hernandez-Cuevas was convicted of trafficking in cocaine at a time when the term "possession" in that statute had been interpreted to permit conviction of the offense based upon evidence of actual or constructive possession of cocaine.[21] After Hernandez-Cuevas's direct appeal had been decided by our Court of Appeals, this Court ruled in *Lockwood v. State*[22] that the term "possession" in the trafficking in cocaine statute required the State to show that the defendant had actual possession of the cocaine.[23] Hernandez-Cuevas then filed an action for collateral relief based upon *Lockwood*, and the habeas court granted relief. In ruling on the State's appeal, this Court affirmed, holding that our decision in *Lockwood* applied retroactively to Hernandez-Cuevas's habeas petition.[24] Our decision in *Hernandez-Cuevas* is consistent with the Supreme

---

[13] *Bousley*, 523 U. S. at 620-621.
[14] Id.
[15] Id.
[16] Id.
[17] Id. at 620-621.
[18] Id. at 620-621.
[19] Id. For a case following *Bousley* and ruling that court decisions altering the meaning of the substantive criminal law must be applied retroactively, see *Santana-Madera v. United States*, 260 F3d 133, 138-139 (2nd Cir. 2001).
[20] 260 Ga. 466.
[21] Id. at 466-467.
[22] 257 Ga. 796 (364 SE2d 574) (1988).
[23] Id. at 467.
[24] Id.

Court's decision in *Bousley*, in that we recognized that our decision in *Lockwood* meant that the trafficking in cocaine statute did not reach certain conduct that it had reached before — the constructive possession of cocaine, and in that we held that the *Lockwood* decision thus had to be applied retroactively to collateral review.

*Bousley* and our decision in *Hernandez-Cuevas* thus establish that a new rule of substantive criminal law must be applied retroactively to cases on collateral review and that an appellate decision holding that a criminal statute no longer reaches certain conduct is a ruling of substantive law. Under this framework, contrary to the dissent's assertion,[25] our decision in *Brewer* must be considered a new rule of substantive criminal law. In this regard, before *Brewer*, this Court and the Court of Appeals had construed the term "force" in the aggravated sodomy statute to permit the State to convict a person of aggravated sodomy by showing only that he had engaged in an act of sodomy with an underage victim.[26] In *Brewer*, however, we construed the term "force" in the aggravated sodomy statute to " 'mean[ ] acts of physical force, threats of death or physical bodily harm, or mental coercion, such as intimidation,' "[27] and held that "one who commits an act of sodomy against an underage victim is [not], without more, guilty of aggravated sodomy."[28] We construed the statute in this fashion for two reasons. One was that we had "*construed* the language 'forcibly and against her will' in the rape statute, OCGA § 16-6-1 (a), as specifying two separate and distinct elements"[29] and as requiring some factual evidence of force to prove rape.[30] The other was that the General Assembly had enacted a strict-liability aggravated child molestation statute that does not require the use of force, but that instead permits conviction based only on the fact that the defendant committed an act of sodomy on an underage victim. We reasoned that, with the enactment of the aggravated child molestation statute, the General Assembly had negated the ability to convict a defendant

---

[25] The dissent has improperly analyzed the so-called "pipeline" rule in this case. The dissent concludes that *Brewer* constituted a new rule of criminal procedure, and that for that reason alone, the rule in *Brewer* may not be applied retroactively to cases on collateral review. See *Teague*, 489 U. S. 288. Although *Teague* does establish a general rule that new rules of criminal procedure will not be applied to cases on collateral review, it establishes two exceptions to the general rule, and those exceptions must be found not to apply before it can be concluded that a new rule of criminal procedure does not apply to cases on collateral review. See *Teague*, 489 U. S. at 307-315. The dissent fails to analyze either of these exceptions, and thus errs in its application of the "pipeline" rule.

[26] See, e.g., *Luke*, 222 Ga. App. at 203-206; *Cooper v. State*, 256 Ga. 631 (352 SE2d 382) (1987); *State v. Collins*, 270 Ga. 42, 43-44 (508 SE2d 390) (1998).

[27] *Brewer*, 271 Ga. at 607, quoting *Collins*, 270 Ga. at 43.

[28] *Brewer*, 271 Ga. at 607. Based on this holding, we overruled our decision in *Cooper*, 256 Ga. 631, and numerous Court of Appeals's decisions. *Brewer*, 271 Ga. at 607.

[29] *Brewer*, 271 Ga. at 606.

[30] Id. See also *Collins*, 270 Ga. at 42-44.

of aggravated sodomy based solely on the commission of an act of sodomy with an underage victim, since such an ability "would leave the separate crime of aggravated child molestation with no practical purpose."[31]

This discussion of *Brewer* demonstrates that our decision in that case, like the Supreme Court's decision in *Bailey*[32] and our decision in *Lockwood*,[33] construed the meaning of a criminal statute so as to place certain conduct – a non-forceful act of sodomy with an underage victim – beyond its reach. Thus, to be consistent with the Supreme Court's decision in *Bousley*[34] and this Court's decision in *Hernandez-Cuevas*,[35] we now hold that *Brewer* established a rule of substantive criminal law that must be applied retroactively to cases on collateral review.[36] Accordingly, the habeas court erred in applying the pipeline rule to Luke's habeas case, and erred in refusing to permit Luke to rely on *Brewer*.[37] We therefore reverse the habeas court's

---

[31] *Brewer*, 271 Ga. at 607.

[32] 516 U. S. 137.

[33] 257 Ga. 796.

[34] 523 U. S. 614.

[35] 260 Ga. 466.

[36] The case of *Harris v. State*, 273 Ga. 608, 610 (543 SE2d 716) (2001), on which the dissent relies, is inapposite to the present situation. In *Harris*, this Court did not offer any opinion as to the meaning of the term "intent" and did not place any conduct beyond the reach of the murder statute that had, before *Harris*, been subject to criminal liability under that statute. Instead, we simply held that a jury charge on a permissive inference that a jury might draw on intent should not be given as a matter of state law. We adopted this rule because, as a procedural matter, we concluded that the better practice was not to have a jury charge that emphasized an inference that could be drawn from one particular circumstance of the case, as opposed to an inference that could be drawn from other particular circumstances. See *Clark v. State*, 265 Ga. 243, 246 (454 SE2d 492) (1995), on which we relied in *Harris*. Indeed, after *Harris*, juries are free to infer that a person who uses a deadly weapon has the intent to kill and to use that evidence to support a finding of guilt. See *Renner v. State*, 260 Ga. 515, 517-518 (397 SE2d 683) (1990) (holding that juries should not be instructed on flight, but stating that the prosecutor was free to argue the defendant's guilt based on evidence of flight and that the jury was free to infer that Renner's flight was evidence of guilt). On the other hand, after *Brewer*, juries are no longer free to rely on the simple fact that the defendant committed an act of sodomy on an underage victim to support a finding of guilt for aggravated sodomy. Thus, in *Brewer*, unlike in *Harris*, this Court altered the meaning of a statutory element of the crime and placed certain conduct beyond the reach of a criminal statute.

[37] We note that Luke's claim on habeas that under *Brewer* the evidence is insufficient to support his conviction is a claim that is cognizable in habeas. See *Miller v. Parker*, 256 Ga. 276 (348 SE2d 655) (1986); *Valenzuela v. Newsome*, 253 Ga. 793 (325 SE2d 370) (1985). See also *Fiore v. White*, 531 U. S. 225 (121 SC 712, 148 LE2d 629) (2001), in which the Supreme Court held that when a court decision clarifies a criminal statute, a defendant is entitled to collateral relief based on that decision if he can show that the State convicted him "without proving the elements of [the] crime beyond a reasonable doubt." Id. at 228. The Court held that under these circumstances, the Federal Due Process Clause forbids such a conviction. Id. We also note that Luke's claim is not barred by res judicata, as, after the Court of Appeals decided his directed appeal, there was an intervening change in the law due to our *Brewer* decision. See *Bruce v. Smith*, 274 Ga. 432, 434-435 (553 SE2d 808) (2001).

judgment and remand the case to it for proceedings consistent with this opinion.

As for the dissent's emotional assertion that our holding today might "vacate the convictions of an untold number of child molesters," there are two fair and just responses. One is that today's opinion does not vacate the child molestation conviction of any defendant also convicted of aggravated sodomy before our decision in *Brewer*. The other, more important, response is that the only defendants who will have their aggravated sodomy convictions overturned are those convicted of an act that the aggravated sodomy statute does not make criminal. Overturning the conviction of a person not guilty of the crime for which he was convicted goes to the heart of our habeas corpus system and our American system of justice.

*Judgment reversed and case remanded for proceedings consistent with this opinion. All the Justices concur, except Hunstein, Carley and Thompson, JJ., who dissent.*

FLETCHER, Chief Justice, concurring.

I join the majority's decision, but write separately to emphasize a fundamental fallacy with the dissent's concern that any analysis other than the one put forth by the dissent will result in a flood of "child molesters" being released from prison. This is a factually incorrect statement as applied to Luke because Luke will remain in prison. This opinion in no way affects Luke's convictions and 15 year-plus sentences on two counts of aggravated child molestation and one count of child molestation. Furthermore, Luke's aggravated sodomy convictions will not be vacated under *Brewer v. State* if the habeas court concludes on remand that there is even minimal evidence of force.[38] To put it plainly, Luke is not going anywhere and neither is anyone else convicted of child molestation.

CARLEY, Justice, dissenting.

I agree with the majority that a new substantive ruling can apply retroactively to cases on habeas review, while a new procedural rule generally has limited prospective application to those criminal cases that are then in the direct appeal "pipeline." However, I differ with the majority as to the type of new rule we adopted in *Brewer v. State*, 271 Ga. 605 (523 SE2d 18) (1999). The majority concludes that *Brewer* established a new substantive principle upon which Luke can rely to obtain habeas relief. I believe, however, that the habeas court correctly held that *Brewer* sets forth only a new procedural rule and, thus, does not apply in the context of this collateral

---

[38] *Brewer v. State*, 271 Ga. 605, 607 (523 SE2d 18) (1999) ("only a minimal amount of evidence is necessary to prove that an act of sodomy against a child was forcible").

attack on Luke's conviction. Therefore, I respectfully dissent to the reversal of the judgment of the habeas court.

Luke was convicted of aggravated sodomy under former OCGA § 16-6-2 (a), which defined the offense as an act of sodomy committed "with force *and* against the will of the other person." (Emphasis supplied.) That statute was clear and unambiguous, and there was never any question that a conviction under its provisions required proof that the defendant's act was *both* forceful and against the will of the victim. Compare *Bailey v. United States*, 516 U. S. 137 (116 SC 501, 133 LE2d 472) (1995) (construing a federal criminal statute requiring "use" of a firearm as requiring proof of more than mere possession of the weapon); *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988) (holding that a conviction for "constructive" possession of contraband is not authorized under a statute expressly requiring that possession be "actual"). The issue addressed in *Brewer* is the manner in which the State was authorized to satisfy its burden of proving those two elements. Previously, this Court had held that sodomy committed on a young child was "in law, forcible and against the will. [Cit.]" *Cooper v. State*, 256 Ga. 631 (2) (352 SE2d 382) (1987). In *Brewer*, however, we simply held that the prosecution could no longer show both elements by relying upon the *presumption* that sodomy committed against a child was forceful as well as non-consensual. See also *State v. Collins*, 270 Ga. 42 (508 SE2d 390) (1998) (presumption of both elements based upon age of the victim impermissible in forcible rape case).

Thus, the substantive elements of the crime for which Luke was convicted were completely unaffected by the decision in *Brewer*. Compare *Fiore v. White*, 531 U. S. 225 (121 SC 712, 148 LE2d 629) (2001); *Bailey v. United States*, supra; *Lockwood v. State*, supra. Both before and after *Brewer*, a conviction for aggravated sodomy under the former statute required proof that the act was committed with force and against the victim's will. The only difference was that, after *Brewer*, the State could no longer rely upon an evidentiary presumption arising from the sodomy victim's age to prove the element of force. I submit that appellate disapproval of an evidentiary presumption is simply a procedural change which does not come within any exception to the general rule of non-retroactive application and, thus, applies only to criminal cases then in the "pipeline" and not to cases on habeas review. See *Harris v. State*, 273 Ga. 608, 610 (2) (543 SE2d 716) (2001) (holding that rejection of a presumption of malicious intent arising from use of a deadly weapon is a "new rule of criminal procedure" which will not be applied on habeas corpus). Compare *Bousley v. United States*, 523 U. S. 614 (118 SC 1604, 140 LE2d 828) (1998) (applying the substantive rule of *Bailey* retroactively); *Scott v. Hernandez-Cuevas*, 260 Ga. 466 (396 SE2d 900) (1990) (applying the

substantive rule of *Lockwood* retroactively on habeas). The majority attempts to distinguish *Harris* on that ground that, even after that decision, "juries are free to infer that a person who uses a deadly weapon has the intent to kill and to use that evidence to support a finding of guilt. See *Renner v. State*, 260 Ga. 515, 517-518 (397 SE2d 683) (1990) . . . ." (Majority Opinion, p. 374, fn. 36.) However, nothing in *Harris* expressly supports that conclusion. Compare *Renner v. State*, supra. Moreover, *Harris* and *Brewer* both dealt with evidentiary presumptions regarding an essential element of the crime. *Renner*, on the other hand, only concerns the general concept of flight as circumstantial evidence of guilt in all criminal cases. The majority does not explain how it is possible for jurors to consider an inference of the existence of an essential element of the actual crime on which the trial court is expressly forbidden to instruct, which would constitute error if included in the charge, and of which inference they are otherwise totally unaware. " 'Qualified jurors under oath are presumed to follow the instructions of the trial court.' [Cits.]" *Holmes v. State*, 273 Ga. 644, 648 (5) (c) (543 SE2d 688) (2001). Thus, before *Harris*, we presumed that the jury considered the deadly weapon inference as evidence of the essential element of intent when it was charged and, after *Harris*, we can safely presume that the jury does not consider because it is not charged. Therefore, I cannot agree with the majority's explanation as to why our rejection in *Harris* of an evidentiary presumption as to the element of intent in a malice murder case is only a new procedural rule, but our similar disapproval in *Brewer* of an evidentiary presumption as to the element of force in an aggravated sodomy case is a substantive change applicable to cases which, having passed through the "pipeline," have become final. I submit that there is no valid distinction, that *Harris* controls, and that *Brewer* is not applicable in this habeas case.

This certainly is not a case in which the general grounds were never considered. The Court of Appeals fully addressed that issue on the direct appeal. *Luke v. State*, 222 Ga. App. 203 (1) (474 SE2d 49) (1996). Compare *Valenzuela v. Newsome*, 253 Ga. 793 (1) (325 SE2d 370) (1985). Nor is this a case in which the evidence did not authorize the guilty verdict. The conviction for aggravated sodomy was clearly authorized under the then-applicable evidentiary presumption that sodomy against a child was a forcible and non-consensual act. *Cooper v. State*, supra. Compare *Fiore v. White*, supra; *Bailey v. United States*, supra; *Lockwood v. State*, supra. The State could not rely upon that presumption if this case were tried today, because force is no longer presumed when the sodomy victim is a child. However, that is not a substantive change in the law affecting the constitutional validity of the conviction in accordance with the evidentiary presumptions then in effect. It is only a procedural change in the man-

ner in which the prosecution may meet its burden of proving the essential elements of the crime. *Harris v. State*, supra.

In *Brewer*, we followed the mandate of the holding in the then recent case of *State v. Collins*, supra. In *Collins*, we had reaffirmed our holding in *Drake v. State*, 239 Ga. 232 (495 SE2d 748) (1977), "that the state must prove the element of force as a factual matter in forcible rape cases rather than presuming force as a matter of law based on the victim's age." *Collins v. State*, supra at 43. *Brewer* observed that "aggravated sodomy shares many of the unique characteristics of the crime of forcible rape which we set forth in [*Collins*] . . . [cits.]" *Brewer*, supra at 607. Thus, we concluded that "[j]ust as in forcible rape cases, establishing a single presumption of force in all aggravated sodomy cases involving underage victims is problematic. [Cits.]" *Brewer*, supra at 607. It is clear that *Brewer* was correctly decided and, if properly construed, has a very limited impact. The *Brewer* rule applies only to the appellant in that case and to those relatively few additional defendants whose direct appeals from convictions for violating former OCGA § 16-6-2 (a) were then in the "pipeline." However, in this case, the Court broadly extends the holding in *Brewer* retroactively so as to include any and all defendants whose convictions for the aggravated sodomy of a child under the former statute were otherwise "final." It is true that the majority's ruling will not necessarily result in the immediate release from confinement of Luke or other affected petitioners. However, the ultimate effect of today's opinion is to vacate the convictions of an untold number of child molesters even though the procedure used in proving their guilt was sufficient at the time their convictions for aggravated sodomy became final. Opening the floodgate so as to permit collateral attacks by that group of persons convicted of aggravated sodomy of children is an erroneous extension of *Brewer*, and I believe that the habeas court correctly denied habeas corpus relief.

I dissent not because of any emotional overreaction, but because today's holding transcends *Harris* and *Brewer*, and will have pernicious consequences on the overall symmetry and continuity of the law by advancing an unrestrictive concept of habeas corpus in which no constitutionally valid conviction for any criminal offense is ever really final and free from collateral attack.

I am authorized to state that Justice Hunstein and Justice Thompson join in this dissent.

DECIDED JULY 3, 2002 —
RECONSIDERATION DENIED JULY 26, 2002.

*Marcus C. Chamblee*, for appellant.
*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior*

*Assistant Attorney General*, for appellee.
*James C. Bonner, Jr.*, amicus curiae.