### 30556. HARRISON *et al. v.* THE STATE.

DECIDED JULY 12, 1944.

*Hamilton McWhorter,* for plaintiffs in error.

*R. Howard Gordon, solicitor-general, W. W. Armistead,* contra.

GARDNER, J. ■ It is insisted that the evidence for the State is so unreasonable that the verdict should not be permitted to stand. While it is true that to normal thinking people the conduct of the defendants as shown by the State's evidence is in some respects most unreasonable and in all respects most reprehensible, yet this is true of practically all crimes, particularly those of the class now under consideration. To say that a crime is unreasonably planned and executed offers no good argument for reversing a conviction therefor. There are few perfectly planned and executed crimes, and no crimes are reasonable. They are of such degree of unreasonableness as they deviate from so-called normal behavior. Most, if not all criminals are unreasonable, or they would not be criminals. In the process of our machinery for trying criminals, the standard by which we try them is that of the conduct of a reasonable person, and when their conduct deviates from such normal behavior, and a penal statute is violated thereby, according to the evidence, they are adjudged to be criminals. Therefore we conclude that because forsooth the evidence shows unreasonableness in the violation of the rules of common decency by the defendants in the case at bar,

such unreasonableness offers no argument under the facts of this case that would require us to reverse the verdict which has the approval of the trial judge. The judge did not err in overruling the motion for a new trial on the general grounds.

■ Special ground 1 complains because the court charged: "If you find that she was under the age of fourteen years, as contended by the State, and the burden is on the State to prove that beyond a reasonable doubt, then, gentlemen, I charge you that all of the elements of assault with intent to rape are not necessary, as I have given you." Error is assigned on this charge because it in effect told the jury (a) that if the girl was under the age of fourteen years none of the elements of assault with intent to rape were necessary to be proved by the State; (b) that all the State's evidence showed that there was no consent on the part of the girl; (c) that if the victim was under the age of fourteen years the State was not bound to prove any of the elements of rape, but that where the attempt to rape was by force the State must prove all the elements of assault with attempt to rape. The trial judge, just previously and next preceding this excerpt of which complaint is made, had charged the jury "that an assault to rape is an assault upon a female with the intent to have carnal knowledge of her forcibly and against her will." Since the indictment alleged that the girl was under fourteen years of age, it was very proper for the court to charge in effect, as was done, that if the State's evidence showed that the girl was under the age of consent, that is, under fourteen years of age, it was not necessary for the State to prove that the attempt was "forcibly and against her will." It is clear from reading the whole charge that the court meant to say to the jury, and the jury so understood, that if she was under the age of fourteen she was incapable, as a matter of law, of giving her consent, and that the proof of such age was a substitute, as a matter of law, for the element of "forcibly and against her will." See *Wright* v. *State*, 184 *Ga.* 62, 66 (4) (190 S. E. 663), wherein the court said: "The defendant was convicted of the rape of a female under fourteen years of age. While the indictment charged that he had carnal knowledge of her forcibly and against her will, and did not state her age, the evidence showed that the crime was accomplished with her consent and that she was under fourteen years of age at the time. *Echols* v. *State*, 153 *Ga.* 857 (113 S. E. 170). A child

under fourteen years is legally incapable of consenting to illicit sexual intercourse. *Todd* v. *State*, 25 *Ga. App.* 411 (103 S. E. 496). In such cases the presumption of the law is that a female under that age will not voluntarily consent to fornication; and this presumption supplies the force essential to the commission of the crime of rape. *Holland* v. *State*, 161 *Ga.* 492 (131 S. E. 503); *Ollis* v. *State*, 44 *Ga. App.* 793 (163 S. E. 309). Proof of force and resistance is therefore unessential." The provisions of the law, under the Code, § 26-1303, did not have the effect of creating a new and separate crime of rape, but sought only to raise the age of consent from that of the common law, which was ten years, to fourteen years. The age of inability, under the law, to consent to such intercourse supplies the element of force. *Vickery* v. *State*, 48 *Ga. App.* 851 (174 S. E. 155). It is clear to our minds that the court committed no error as complained of in this ground.

■ In special ground 2 error is assigned as follows: "Because the court erred in charging the jury as follows, to wit: 'If you find that as the State contends in this case that the alleged victim . . was under the age of fourteen years, then I charge you that if the defendants made an assault upon [her] and that at the time they made this assault, that it was their intention to have carnal knowledge of her, whether forcibly or not, with or without consent, you would be authorized to find them guilty of the offense of assault with intent to rape, as charged in the indictment.'" It is contended that this excerpt was error because it instructed the jury that if they should believe that the victim was under the age of fourteen years it was unnecessary to prove any of the elements of rape. This ground is without merit. In a trial for an assault with intent to rape upon a female under fourteen years of age, the State makes out a case when it· shows by evidence that the defendants intended to have carnal knowledge of the female, and that some overt act was done in the accomplishment of that purpose. If she be under the age of fourteen years her consent or lack of consent is immaterial. This is the substance and the effect of the assignment of error in this ground, and it is without merit. *Vickery* v. *State*, supra.

■ Special grounds 3 and 4: These grounds are identical except in one the court used the name of one of the defendants, and in the other, the name of the other defendant. The excerpt com-

plained of is: "With reference to the defendant, Horace Harrison, I charge you if you believe beyond a reasonable doubt, Horace Harrison laid his hands upon . . the female alleged to have been assaulted, and he did so with the intent and purpose of having carnal knowledge of her, and you also believe she was under the age of fourteen years, you would be authorized to find him guilty of assault with intent to rape." Error is assigned upon this excerpt because it is contended that the State's entire evidence showed that the defendants used actual force; and since there was no evidence to the effect that the girl submitted or consented, it was error for the court to make any reference to her being under the age of fourteen years. If this be error, as contended by counsel for defendants, we fail to see how it could have harmed them.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*