### 44961. CARTER v. THE STATE.

WHITMAN, Judge. This case is an appeal from a judgment of conviction and sentence for the offense of aggravated sodomy. The defendant was accused of the act of cunnilingus with a 7-year-old girl. The alleged offense occurred after July 1, 1969, which was the effective date of the new Criminal Code. Ga. L. 1968, pp. 1249, 1351. *Held:*

1. The following portion of the trial court's charge was excepted to and is enumerated as error: "If you believe beyond a reasonable doubt that the defendant did commit the offense of sodomy with the person named in the indictment and that she was not mentally capable of expressing any intelligent consent or dissent to the act of sodomy or of exercising any judgment in the matter, then you would be authorized to find the defendant guilty of the act, though you believe that the defendant used no more force than was necessary to accomplish the act of sodomy and that the child named in the indictment offered no resistance. If you believe that the defendant did have or did commit the offense of sodomy with the child named in the indictment and that she was mentally capable of consenting to

the act and did consent thereto or that the act of sodomy was not done forcibly and against her will, then the defendant would not be guilty. The question of mentality of the child is one for you to determine under all of the facts and circumstances of the case."

It is argued that this charge applied the distinction between rape and statutory rape to aggravated sodomy. The sodomy statute defines simple sodomy and sets forth the punishment. The statute then defines aggravated sodomy as the commission of sodomy "with force and against the will of the other person" and sets forth the punishment. *Code Ann.* § 26-2002 (Ga. L. 1968, pp. 1249, 1299). In our view the commission of sodomy by an adult on a child of seven years of age could not be simple sodomy, but would always be aggravated sodomy. This is because the "with force and against the will" element of the crime is automatically supplied by the commission of the crime on a person, such as a young child of 7 years of age, who has neither the physical nor the mental capacity to give consent as a matter of law. Generally, see *Code Ann.* § 26-701 (Ga. L. 1968, pp. 1249, 1270).

The charge as given was not erroneous as to the defendant; rather it was beneficial.

2. For the same reason the trial court did not err in not instructing the jury on simple sodomy as an included or lesser offense.

3. The former sodomy statute *(Code* § 26-5901) which defined the crime as "the carnal knowledge and connection against the order of nature, by man with man, or in the same unnatural manner with woman" was held in *Thompson v. Aldredge,* 187 Ga. 467 (200 SE 799) to exclude the commission of such acts between two women as sodomy, and then in *Riley v. Garrett,* 219 Ga. 345 (1) (133 SE2d 367), because "there is no apparent reason why the legislature would have intended to punish a man and a woman for doing the same act which would not be punishable if done by two women" (page 347). it was held that a connection between a man and a woman per linguam in vagina was not sodomy under the rule of strict construction of criminal statutes.

The contention that the new statute also does not proscribe the act of which the defendant was accused is refuted by the plain language of the statute itself, to wit, "any sexual act involving

the sex organs of one person and the mouth or anus of another." *Code Ann.* § 26-2002 (Ga. L. 1968, pp. 1249, 1299).

The defendant excepted to the charge for its failure to instruct the jury that "penetration" is essential to a conviction for sodomy. Neither the old nor the new sodomy statutes refer to "penetration." However, our law has in the past required that there be penetration, however slight, to support a sodomy conviction. *Rozar v. State,* 93 Ga. App. 207 (4) (91 SE2d 131), and citations. But as pointed out in Division 3 above, our sodomy statute has not until now included the particular act involved in this case. We face the question, therefore, of whether "penetration" is still a requirement as to this particular act. In our view all that is required is *some contact.* The court charged the language of the statute thereby instructing the jury that they must find "a sexual act involving the sex organs of one person and the mouth . . . of another." It does not appear that a jury of reasonable intelligence could construe a sexual act "involving" the mouth of one person and the sex organs of another as anything other than actual contact. There was no error, in the absence of written request, in not charging more specifically.

5. There was ample evidence to support the verdict and judgment.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED JANUARY 5, 1970—DECIDED JUNE 12, 1970.

*Malone, Drake & Malone, Thomas Wm. Malone, John L. Tracy,* for appellant.

*Robert W. Reynolds, District Attorney,* for appellee.