A89A1342. HUGGINS v. THE STATE.
(386 SE2d 703)

BENHAM, Judge.
Appellant was convicted and sentenced for aggravated sodomy and child molestation. He now appeals, questioning the sufficiency of the evidence presented against him and the legality of his sentence.

The victim, an eight-year-old boy in whose mobile home appellant resided, testified that he slept in a bunk bed in the bedroom he shared with appellant, who slept in a double bed; that appellant had gotten into bed with him at night and had placed his hand on the child's sex organ; that appellant had made the child place his hand upon appellant's sex organ; and that appellant had inserted his penis into the child's anus several times a week for several weeks.

1. OCGA § 16-6-2 (a) states that "[a] person commits the offense of sodomy when he performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another. A person commits the offense of aggravated sodomy when he commits sodomy with force and against the will of the other person." Child molestation occurs when "[a] person . . . does any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). Appellant does not dispute the sufficiency of the evidence against him on the count alleging child molestation. He now asserts and sought at trial a motion for directed verdict of acquittal on the fact that the State failed to prove that the act of sodomy was done "with force," thereby failing to prove an essential element of the crime of aggravated sodomy. However, the Supreme Court has ruled that "[s]exual acts directed to children are, in law, forcible and against the will. [Cit.]" *Richardson v. State*, 256 Ga. 746 (2) (353 SE2d 342) (1987). See also *Cooper v. State*, 256 Ga. 631 (2) (352 SE2d 382) (1987). In *Cooper*, the Supreme Court relied

on *Carter v. State*, 122 Ga. App. 21 (176 SE2d 238) (1970), in which the Court of Appeals opined that "the commission of sodomy by an adult on a child . . . could not be simple sodomy, but would always be aggravated sodomy . . . because the 'with force and against the will' element of the crime is automatically supplied by the commission of the crime on a person, such as a young child . . ., who has neither the physical nor the mental capacity to give consent as a matter of law. [Cit.]" Id. at 22. The court then cited what is now OCGA § 16-3-1, which states that "[a] person shall not be considered or found guilty of a crime unless he has attained the age of 13 years at the time of the act . . . constituting the crime." It thus appears that the Supreme Court is of the opinion that an act of sodomy perpetrated upon a child who has not attained the age of 13 constitutes aggravated sodomy because the act done to a child of that age is automatically done with force and against the child's will. Therefore, proof that the child was eight years old at the time of the offense is sufficient evidence that the act of sodomy was done with force and against the will of the victim. *Richardson*, supra; *Cooper*, supra. *Hines v. State*, 173 Ga. App. 657 (2) (327 SE2d 786) (1985), does not require a different result inasmuch as it is without precedential value since one judge on the division concurred in judgment only (see Rule 35 (b) of the Rules of the Court of Appeals), and a majority of the Court of Appeals held it was without precedential value in *Cooper v. State*, 180 Ga. App. 37 (348 SE2d 486) (1986). In light 'of the above, there was sufficient evidence for a rational trier of fact to find appellant guilty of aggravated sodomy beyond a reasonable doubt (*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Richardson v. State*, supra), and it was not error for the trial court to deny appellant's motion for a directed verdict of acquittal on that count. See *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984).

2. Appellant contends that the trial court erred in sentencing him for both aggravated sodomy and child molestation because the two offenses constituted "but one course of conduct." "If both convictions were based upon the same, single act, only one conviction could stand. [Cit.]" *Garrett v. State*, 188 Ga. App. 176 (3) (372 SE2d 506) (1988). See also *LaPalme v. State*, 169 Ga. App. 540 (1) (313 SE2d 729) (1984). Since the indictment charged appellant with committing the two crimes by means of separate and different sexual acts (one being anal intercourse with the child and the other consisting of using his hands to fondle the child's penis and having the child use his hands to fondle appellant's penis), each of which was factually and legally distinct from the other and was proved without reference to the other, the trial court did not err in entering judgments of conviction against appellant on each of the two counts involved. *Garrett v. State*, supra.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 18, 1989.

*Charles E. Day*, for appellant.
*John M. Ott, District Attorney, Alan A. Cook, Assistant District Attorney*, for appellee.