A91A0580. ANDREWS v. THE STATE.
(406 SE2d 801)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of aggravated child molestation and statutory rape. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. Appellant enumerates the general grounds.

The evidence, construed most favorably for the State and most strongly against appellant, authorized a finding that appellant engaged in a single act of sexual intercourse with the five-year-old victim and that, as the result, the victim was physically injured by contracting a venereal disease from appellant. This evidence was sufficient to authorize a rational trior of fact to find proof of appellant's guilt of aggravated child molestation *or* statutory rape beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

This evidence did not, however, authorize a conviction and sentence for both aggravated child molestation *and* statutory rape. The evidence is undisputed that only a single act of sexual intercourse occurred and where, as here, both convictions are in fact based upon the same, single act, only one conviction is authorized. *McCollum v. State*, 177 Ga. App. 40 (1) (338 SE2d 460) (1985). " ' "(A) crime is an included crime and multiple punishment therefor is barred if it is the same as a matter of fact *or* as a matter of law. . . ." [Cit.] OCGA § 16-1-6 defines an included crime as one "established by proof of the same or less than all the facts . . . required to establish the commission of the greater crime charged." ' [Cit.]" *Horne v. State*, 192 Ga. App. 528, 533 (6) (385 SE2d 704) (1989). In the instant case, the crime of statutory rape was included, as a matter of fact, in the crime of aggravated child molestation. "Under the indictment in this case, the offense of [aggravated] child molestation involved several acts, one of which was [an act that had resulted in physical injury to the victim], and had as one element proof of the age of the victim. The

[statutory rape] count of the indictment alleged [the performance of an act of sexual intercourse with a female under the age of fourteen]. Since the evidence established only one act of [sexual intercourse], the proof of which was necessary to prove the [aggravated] child molestation count as alleged, the [statutory rape] count was 'established by proof of . . . less than all the facts . . . required to establish the commission of [aggravated child molestation].' [Cit.] It follows that the offense of [statutory rape] as alleged was included as a matter of fact in the offense of [aggravated] child molestation as alleged. Therefore, the [statutory rape] count merged into the [aggravated] child molestation count. [Cit.]" *Horne v. State*, supra at 533 (6). See also *Kelly v. State*, 188 Ga. App. 362 (3) (373 SE2d 63) (1988). Compare *Pressley v. State*, 197 Ga. App. 270 (1) (398 SE2d 268) (1990).

2. Appellant had requested that the jury be charged "that any physician or other person who makes a diagnosis of or treats a case of venereal disease . . . shall make report of such case to the health authorities. . . . The [failure to do so] constitutes a misdemeanor criminal offense." The refusal to give this requested charge is enumerated as error.

This charge had no relevancy to any issue in the instant case. The fact that there was no official report that appellant had been diagnosed or treated for venereal disease during the relevant time period does not prove that appellant did not have a venereal disease during that time period. The lack of any such official report would show only that appellant had not been diagnosed or treated for venereal disease during the relevant time period or that, if he had been, whoever had diagnosed or treated him was guilty of a misdemeanor criminal offense. " '[A] requested charge must be legal, apt, and precisely adjusted to some principle involved in the case and be authorized by the evidence.' [Cits.]" *Jones v. State*, 196 Ga. App. 877, 878 (2) (397 SE2d 303) (1990). Whether or not appellant had a venereal disease during the relevant time period was a material issue, but whether there were no official records in that regard would have no bearing on that material issue. The trial court did not err in refusing to give the requested charge.

3. In imposing recidivist sentencing upon appellant for aggravated child molestation, the trial court relied upon OCGA § 17-10-7 (b). This was erroneous. The State showed only appellant's prior commission of two felonies. Sentencing under OCGA § 17-10-7 (b) requires a showing of prior commission of three felonies. Accordingly, appellant should have been sentenced pursuant to OCGA § 17-10-7 (a).

4. Appellant's conviction and sentence for statutory rape are reversed with direction that they be stricken. Appellant's conviction for aggravated child molestation is affirmed and his sentence for aggra-

vated child molestation is reversed with direction that the trial court resentence appellant pursuant to OCGA § 17-10-7 (a).

*Judgment affirmed in part and reversed with direction in part. Banke, P. J., concurs. Beasley, J., concurs in Divisions 2, 3 and 4 and in the judgment.*

DECIDED JUNE 11, 1991.

*Alexander & Vann, John T. Holt*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.