## A95A2299. MARCELLO v. THE STATE.
(469 SE2d 252)

ANDREWS, Judge.

Liboris Mancuso Marcello, Jr., appeals from his conviction after a jury found him guilty of rape, statutory rape, incest, aggravated child molestation, aggravated sodomy, and two counts of child molestation.

1. In his first enumeration of error, Marcello claims that the trial court erred in denying his motion for a continuance. Marcello contends that the victim in this case had been sexually molested by a neighbor when the family lived in Louisiana and additional time was necessary to obtain records from that incident. In addition, Marcello claims he needed additional time for expert examination of the victim. Further, Marcello's trial counsel claimed to be in pain from a back problem and stated that he would either have to try the case in pain or "pilled up."

"A motion for continuance predicated upon a claim of insufficient time to prepare for trial is addressed to the sound discretion of the trial court, and will not be interfered with unless it is clearly shown that the court abused its discretion." *Payne v. State*, 207 Ga. App. 312, 314 (428 SE2d 103) (1993). Here, the court found that Marcello had known of charges pending against him for three months and had

not attempted to get any information on the Louisiana incident during that time. Further, the trial court correctly denied Marcello's motion to have the victim examined by an expert because the victim was very adamant in stating that she did not want to be examined. See *Rhodes v. State*, 193 Ga. App. 28, 29 (386 SE2d 857) (1989) (no abuse of discretion in denying involuntary examination of victim). Further, the court noted that trial counsel had submitted nothing to support a conclusion that he was physically unable to proceed with a trial. In addition, the judge noted that counsel was representing his client very effectively at that point. Therefore, we find no abuse of discretion in the trial court's denial of Marcello's motion for continuance.

2. Next, Marcello argues that his trial counsel rendered ineffective assistance of counsel at trial. However, while Marcello is correct that this issue may be raised for the first time on appeal and remanded to the trial court for an evidentiary hearing, this is a case in which remand would serve no useful purpose and may be decided on the record by this Court. *Norman v. State*, 208 Ga. App. 830, 831 (432 SE2d 216) (1993); *Brundage v. State*, 208 Ga. App. 58, 59 (430 SE2d 173) (1993).

Marcello fails to support this enumeration by citing to any instance in which counsel rendered ineffective assistance. He merely states that trial counsel was having back trouble and the trial court denied his motion for continuance. Marcello cites to no instances at trial in which counsel was ineffective and fails to allege any harm due to counsel's back problems.

A defendant alleging ineffective assistance of counsel has the burden of establishing "(1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Punctuation omitted.) *Bowley v. State*, 261 Ga. 278, 280 (404 SE2d 97) (1991) (citing *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984)).

The trial court found that counsel was physically capable of conducting the trial and further noted that counsel was effectively representing his client in spite of any physical discomfort. Accordingly, it is apparent as a matter of law that Marcello cannot satisfy either prong of the *Strickland* test. Therefore, we need not remand for a hearing on this issue. *Brundage*, supra at 59.

3. Last, Marcello claims that his conviction on the incest count merged with that of the statutory rape count, and therefore, the sentence imposed for his conviction for incest must be vacated. This court has held, applying the alternative test of *Pryor v. State*, 238 Ga. 698 (234 SE2d 918) (1977), that the crime of incest is included within the crime of rape. See *Love v. State*, 190 Ga. App. 264, 265 (378 SE2d

893) (1989); *McCranie v. State*, 157 Ga. App. 110, 111 (276 SE2d 263) (1981). But, in both *McCranie* and *Love*, supra, the charges arose from a single incident. Here, the victim testified to multiple acts of sexual intercourse from January 1, 1993 through March 21, 1994, the time period specified in the indictment. When there are multiple acts of sexual intercourse, the defendant may be convicted and sentenced for each offense based upon their occurrence on separate occasions. *Young v. State*, 199 Ga. App. 520, 521 (405 SE2d 338) (1991); *Kirby v. State*, 187 Ga. App. 88, 89 (369 SE2d 274) (1988).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 5, 1996 —
RECONSIDERATION DENIED FEBRUARY 21, 1996 — ▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

*Richard D. Allen, Jr., Frank J. Petrella*, for appellant.

*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellee.