A97A0812. WOFFORD v. THE STATE.
(486 SE2d 697)

POPE, Presiding Judge.

Paul Wofford was tried and convicted of rape, statutory rape and child molestation. The court merged the child molestation with the rape count and Wofford appeals, arguing that the evidence was insufficient to convict; that the court violated his right to confront witnesses and erroneously intimated its opinion regarding the credibility of witnesses; and that the court erroneously failed to merge the crimes for which he was convicted. We agree that the rape and statutory rape counts merged under the facts of this case, but find the remainder of Wofford's arguments without merit. Accordingly, we affirm the conviction and sentence for the rape count and vacate the conviction and sentence on the statutory rape count.

Viewing the evidence in the light most favorable to the verdict, in the early morning of September 20, 1995, the 11-year-old victim

went to Wofford's house to visit his children. Wofford locked the doors in the house and told the victim to lie down. He then took her clothes off and raped her. The victim told Wofford to stop and unsuccessfully tried to push him off her.

Immediately after the incident, the victim told an emergency room nurse and Officer Hilburn of the Rockmart police department that Wofford had raped her. Testimony of the victim's brother, who witnessed the rape, corroborated the victim's account of the events.

At trial, Officer Hilburn testified that he interviewed Wofford on the same day and Wofford admitted that he had had sexual intercourse that morning with the victim. Evidence regarding similar transactions established that fifteen years earlier Wofford molested his eight- and four-year-old nieces.

1. Wofford argues that the court violated the double jeopardy provisions of OCGA §§ 16-1-6 and 16-1-7. He argues that the *prosecution* for rape, statutory rape, and child molestation was improper. This argument is without merit, since "OCGA § 16-1-7 (a) (1) authorizes a multiple *prosecution* for all crimes that may be established by an accused's conduct, but that statute also specifically prohibits multiple *convictions* for included crimes." *Starnes v. State*, 205 Ga. App. 882, 884 (3) (424 SE2d 4) (1992).

Wofford raised his substantive double jeopardy argument in his amended motion for new trial and it is properly before us. See *McClure v. State*, 179 Ga. App. 245, 246 (1) (345 SE2d 922) (1986); see also *Edmonson v. State*, 212 Ga. App. 449, 451-452 (3) (442 SE2d 300) (1994). Accordingly, we must determine whether the convictions for rape and statutory rape merged.

We recognize that the crimes of rape and statutory rape are, as the State argues, separate offenses which require proof of different elements. OCGA § 16-6-1 states in part: "[a] person commits the offense of rape when he has carnal knowledge of a female forcibly and against her will." One commits the crime of statutory rape under OCGA § 16-6-3 (a) when the person engages in sexual intercourse with any person under the age of 16 years who is not his or her spouse. Because there was evidence of force in this case, we do not reach the issue of the requirement of "force" in rape cases involving child victims.[1] See *Luke v. State*, 222 Ga. App. 203 (474 SE2d 49) (1996); *Cooper v. State*, 180 Ga. App. 37 (1) (348 SE2d 486) (1986), aff'd 256 Ga. 631 (352 SE2d 382) (1987); but see *Hill v. State*, 246 Ga. 402, 405 (3) (271 SE2d 802) (1980); *Drake v. State*, 239 Ga. 232 (1) (236 SE2d 748) (1977). Moreover, apart from the requirements of

---

[1] The Supreme Court has stated: "[s]exual acts directed to children are, in law, forcible and against the will. [Cit.]" *Richardson v. State*, 256 Ga. 746, 747 (1) (353 SE2d 342) (1987).

OCGA § 16-6-1, statutory rape under OCGA § 16-6-3 requires that the victim be under the age of 16 years and not be the spouse of the perpetrator. Accordingly, because the crimes are separate, they are not included within each other as a matter of law. See *State v. Estevez*, 232 Ga. 316 (206 SE2d 475) (1974).

Nonetheless, the question of whether there was a factual merger of the crimes is determined by looking to the actual evidence introduced at trial to determine "whether a crime is established by proof of the same or less than all the facts required to establish the commission of another crime within the meaning of OCGA § 16-1-6. [Cit.] If the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under OCGA § 16-1-6." *Edmonson v. State*, 219 Ga. App. 323 (1) (464 SE2d 839) (1995); see also *McCranie v. State*, 157 Ga. App. 110, 111 (276 SE2d 263) (1981); *Love v. State*, 190 Ga. App. 264 (2) (378 SE2d 893) (1989).

Here the indictment alleged that Wofford committed the crime of rape on September 20, 1995, by unlawfully having carnal knowledge of the victim, who was younger than 16 and not his wife, forcibly and against her will. Neither the fact that the victim was not Wofford's wife nor the age of the victim is listed in OCGA § 16-6-1 as an element of rape, but both were elements of the rape alleged against Wofford. The count for statutory rape charged that on the same day, Wofford unlawfully engaged in sexual intercourse with the victim, who was under the age of 16 and was not his spouse.

The evidence at trial was that there was one act of intercourse. There was ample testimony from several witnesses that the victim resisted Wofford and tried to push him off of her during the intercourse. Given the circumstances here, we conclude that the crime of statutory rape was included, as a matter of *fact*, in the crime of rape. "Since the evidence established only one act of sexual intercourse, the proof of which was necessary to prove the [rape] count as alleged, the statutory rape count was established by proof of less than all the facts required to establish the commission of the [rape]. It follows that the offense of statutory rape as alleged was included as a matter of fact in the offense of [rape] as alleged. Therefore, the statutory rape count merged into the [rape] count." (Citations and punctuation omitted.) *Andrews v. State*, 200 Ga. App. 47 (1) (406 SE2d 801) (1991).

Accordingly, Wofford's conviction and sentence for statutory rape is vacated. See *Caldwell v. State*, 263 Ga. 560 (2) (436 SE2d 488) (1993). Wofford's conviction and sentence for rape is affirmed.

2. Wofford claims that the court erred by denying his request for a new trial because the verdict was contrary to the evidence; there was no medical evidence to support the conviction; and the verdict

was based on irrelevant, prejudicial evidence. We disagree and conclude that the evidence was sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. In other enumerations, Wofford contends that when the court moved him from one location within the courtroom to another, the court erroneously intimated its opinion regarding his guilt and violated his Sixth Amendment right to confront witnesses. After careful examination of the record, we find these arguments without merit.

*Judgment affirmed in part and vacated in part. Johnson and Blackburn, JJ., concur.*

DECIDED MAY 15, 1997.

Before Judge Foster.

*Mundy & Gammage, Kelly B. Gammage*, for appellant.

*James R. Osborne, District Attorney, David B. Fife, Assistant District Attorney*, for appellee.