## S97A0433. BROWN v. THE STATE.
(486 SE2d 178)

HINES, Justice.

James William Brown is under indictment for malice murder in connection with the fatal shooting of Jeff Clark. The State filed a motion in limine seeking to exclude any reference to allegations that Clark molested Brown's five-year-old daughter. Brown moved to deny the motion, and filed notice of his intention to use such evidence as grounds supporting his sole defense of justification pursuant to OCGA § 16-3-21 (a).[1] Brown contends that he was justified in using

---

[1] OCGA § 16-3-21 (a) provides:

A person is justified in . . . using force against another when and to the extent that he reasonably believes that such . . . force is necessary to defend himself or a third person against such other's imminent use of unlawful force; however, a person

deadly force against Clark to prevent the commission of the forcible felony of child molestation against his daughter. The trial court granted the State's motion, ruling that the crime of child molestation, without a showing of use or threat of physical force, does not constitute a forcible felony, and, therefore, the defense of justification is unavailable to Brown as a matter of law. The trial court certified its ruling for immediate review, and we granted Brown's interlocutory appeal application to consider whether the act of child molestation, [2] in and of itself, constitutes a forcible felony for the purposes of OCGA § 16-3-21 (a).

OCGA § 16-1-3 (6), defines a forcible felony as "any felony which involves the use or threat of physical force or violence against any person." The State argues that in order for child molestation to qualify as a forcible felony an independent showing of use or threat of physical force is required. The argument fails.

Child molestation is, by its very nature, a crime involving a forcible and violent act. See *Richardson v. State*, 256 Ga. 746 (2) (353 SE2d 342) (1987); *Cooper v. State*, 256 Ga. 631 (2) (352 SE2d 382) (1987); *Luke v. State*, 222 Ga. App. 203 (1) (474 SE2d 49) (1996); *Huggins v. State*, 192 Ga. App. 820 (1) (386 SE2d 703) (1989). Because children do not have the capacity to give consent to or resist a sexual act directed at them, such acts "are, in law, forcible and against the will" of a child. *Cooper v. State*, supra; *Luke v. State*, supra. Thus, we find that for the purpose of establishing the defense of justification pursuant to OCGA § 16-3-21 (a), child molestation constitutes a forcible felony. However, this does not relieve Brown of the burden set forth in *Chandler v. State*, 261 Ga. 402, 407 (3) (405 SE2d 669) (1991), for admission of the alleged acts of violence by the victim. See *Laster v. State*, 268 Ga. 172 (486 SE2d 153) (1997).

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 30, 1997.

*Thompson, Fox, Chandler, Homans & Hicks, Robert L. Chandler, Cheryl H. Kelley,* for appellant.

is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person or to prevent the commission of a forcible felony.

[2] Child molestation occurs when "[a] person . . . does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a).

*Albert F. Taylor, Jr., District Attorney, Darrell E. Wilson, Assistant District Attorney,* for appellee.