## A97A1621. DURR v. THE STATE.
### (493 SE2d 210)

SMITH, Judge.

Darrell Durr was charged with rape and aggravated sodomy. A jury found him guilty of rape and not guilty of aggravated sodomy. His motion for new trial was denied.

Durr admitted having sexual relations with the victim, but maintained that the sex was consensual. His partner, however, was a developmentally disabled woman who, although twenty-one years old chronologically, had a mental age of between five and six. A psychologist testified that the victim's I.Q. was 36, placing her in the moderately mentally handicapped category.

1. Durr contends the trial court erred in charging the jury that the element of force necessary to support a rape conviction was automatically supplied by law. Durr's enumeration mischaracterizes the actual charge.

The court charged the jury that *"in cases of incapacity to consent the element of force is automatically supplied by law."* (Emphasis supplied.) And this portion of the charge was preceded by other careful instruction: the three elements necessary to a rape conviction, i.e., carnal knowledge of a female, forcibly, and against her will; and detailed instruction, taken from *Drake v. State*, 239 Ga. 232 (236 SE2d 748) (1977), regarding the effect on these elements of a victim's incompetence to consent. In *Drake*, the Supreme Court noted that "[i]t is true that sometimes mere lack of consent imputes force, but this is true only where children are not involved. . . . 'In the ordinary case the force to which reference is made is not the force inherent in the act of penetration but is the force used to overcome the resistance of the female. When the victim is physically or mentally unable to give consent to the act, as when she is intoxicated, drugged, or mentally incompetent, the requirement of force is found in constructive force, that is, in the use of such force as is necessary to effect the penetration made by the defendant.'" Id. at 234-235 (1).

Here, the trial court charged the jury that "when the alleged victim is physically or mentally incompetent to knowingly and intelligently give consent to the sexual act, then the requirement of force is found in what is called constructive force, that is, in the use of such force as is necessary to effect the penetration made by the defendant, if any."

The trial court also charged the jury that the State's burden

could not be discharged by a mere showing that the alleged victim suffered from a mental disability; the State had the burden of proving beyond a reasonable doubt that the victim's disability rendered her incapable of knowing and intelligent consent to the alleged sexual act, and whether or not the State had discharged this burden was for the jury to decide. This charge was an accurate statement of the law, and it did not mislead the jury. See generally *Ely v. State*, 192 Ga. App. 203, 206 (5) (384 SE2d 268) (1989).

2. Durr also asserts that the evidence was insufficient to support his conviction of rape because the evidence showed no forcible act and also showed that the victim was able to consent and did so.

Durr is correct that the evidence presented at trial did not prove that the rape was committed with actual force.[1] And the element of force must be proved when a defendant is charged with forcible rape upon a *minor* victim. We note that although the special concurrence insists that cases decided by our Supreme Court subsequent to *Drake* have essentially overruled *Drake* sub silentio in this regard, *none* of the cases cited in the special concurrence is a case in which the defendant was charged with forcible rape. *Cooper v. State*, 256 Ga. 631 (352 SE2d 382) (1987), involved aggravated sodomy; *Richardson v. State*, 256 Ga. 746 (353 SE2d 342) (1987), involved sodomy and incest; and *Brown v. State*, 268 Ga. 154 (486 SE2d 178) (1997), involved malice murder, to which the defendant interposed a defense of justification because he acted to prevent the molestation of his five-year-old child. See also *Luke v. State*, 222 Ga. App. 203 (474 SE2d 49) (1996). But *Drake* holds that a defendant *may* be convicted of forcible rape even absent a showing of actual force when the crime is committed against an adult female incapable of giving knowing and intelligent consent to the act. Id. at 234. The principle in *Drake* is applicable only when the charge is forcible rape of a minor; it is applied to preserve the distinction between forcible rape and statutory rape. Otherwise, the statute making the latter a crime is meaningless. When the victim is not a child but a mentally incapacitated adult incapable of giving valid consent to a sexual act, the principle mandating that force be proved is simply not applicable. The jury in this case was properly instructed that the issue of whether the victim was capable of knowingly and intelligently consenting to sexual intercourse was for the jury to decide. *Whitaker v. State*, 199 Ga. 344, 349-350 (1) (34 SE2d 499) (1945).

The jury asked to be recharged on this issue, and a detailed recharge was given, after which the jury indicated that its question

---

[1] Although a police officer who responded to the rape call testified that the victim initially told him Durr had "drug" her into the bedroom, he testified that she later recanted this allegation and admitted she went with Durr voluntarily.

had been answered. The verdict shows that the jury believed the victim was incapable of giving knowing and intelligent consent, and the evidence presented supports that conclusion.

The victim testified she did not want Durr to have sex with her and that she tried to scream but was afraid to do so. She testified she could not read and could write only minimally. Two police officers testified that it was readily apparent that the victim was retarded, and the State and Durr stipulated to her retardation. The State's expert witness, a school psychologist certified by the State, testified she had evaluated the victim twice and that the victim's mental age and capacity were equivalent to that of a child between the ages of five and six. The victim therefore had the intellectual capacity and understanding of a five- to six-year-old child, characterized by a short memory, the need for short answers, and an inability to relate cause and effect.

Given this evidence, the jury was authorized to conclude that the victim was unable to give proper consent to sexual intercourse. It follows that notwithstanding the lack of evidence of force, the evidence was sufficient to authorize the jury to convict Durr of rape under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Drake*, supra; *Whitaker*, supra.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur specially because of the statement in Division 2 that "the element of force must be proved when a defendant is charged with forcible rape upon a *minor* victim." *Drake v. State*, 239 Ga. 232, 233-235 (1) (236 SE2d 748) (1977), involving a nine-year-old girl, does say that. But a decade later, the Supreme Court said in *Cooper v. State*, 256 Ga. 631 (2) (352 SE2d 382) (1987), that "[a] five-year-old child cannot consent to any sexual act. [Cit.] Sexual acts directed to such a child are, in law, forcible and against the will. [Cit.]" Cooper was convicted of aggravated sodomy, which requires proof that the act was done "with force and against the will" of the victim. OCGA § 16-6-2.

For the first quoted proposition *Cooper* cited *Drake* and *McFall v. State*, 235 Ga. 105, 106 (218 SE2d 839) (1975), but *Drake* had said *McFall* was wrong because it affirmed a conviction of forcible rape on a jury charge that " 'the law supplies the essential element of force' " when the victim is under age 14. *Drake*, supra, 239 Ga. at 233. *Drake* separates "force" from "against the will" (or nonconsent) both as to meaning and as to the requirement of proof.

For the second quoted proposition *Cooper* cited *Carter v. State*, 122 Ga. App. 21 (176 SE2d 238) (1970). Carter's conviction of aggra-

vated sodomy on a seven-year-old girl was affirmed despite a challenge to the jury charge. The Court of Appeals stated that the act of sodomy on a child "could not be simple sodomy, but would always be aggravated sodomy . . . because the 'with force and against the will' element of the crime is automatically supplied by the commission of the crime on a person, such as a young child of 7 years of age, who has neither the physical nor the mental capacity to give consent as a matter of law." 122 Ga. App. at 22. But *Drake*, decided later, separated the two concepts ("force" and "against the will") instead of considering them as one element in minor cases.

A few months after *Cooper* the Supreme Court repeated that "[s]exual acts directed to children are, in law, forcible and against the will," citing *Cooper. Richardson v. State*, 256 Ga. 746, 747 (2) (353 SE2d 342) (1987). *Richardson* went on to say: "The pattern of sexual exploitation presented in this case was also, as a matter of law, *forcible and against the will*, because of the step-daughter's age at onset, and because of her familial relationship." (Emphasis supplied.) Id. at 747 (2). Defendant's conviction of incest and sodomy against his daughter during the time she was 12 to 17 was affirmed. Once again the concepts of "force" and "against the will" were fused in a minor's case. *Richardson* was quoted as controlling in *Huggins v. State*, 192 Ga. App. 820 (1) (386 SE2d 703) (1989), a conviction of aggravated sodomy on an eight-year-old boy, and in *Luke v. State*, 222 Ga. App. 203, 205 (1) (a) (474 SE2d 49) (1996).

That is still the law. This year, *Brown v. State*, 268 Ga. 154 (486 SE2d 178) (1997), held that child molestation constitutes a forcible felony for the purpose of establishing the defense of justification. Both *Richardson* and *Cooper*, as well as the Court of Appeals cases of *Huggins* and *Luke*, are cited for the statement that "[c]hild molestation is, by its very nature, a crime involving a forcible and violent act." Id. at 155. The Court explained: "Because children do not have the capacity to give consent to or resist a sexual act directed at them, such acts 'are, in law, forcible and against the will' of a child. *Cooper v. State*, supra; *Luke v. State*, supra." Id. The victim in *Brown* was five. *Luke*, supra at 206, ruled that the age of consent was 14 at the time and noted it is 16 currently.

Durr's victim was not a minor, so the issue of the meaning of the element of force need not be resolved under the rubrics which would apply had she been a child by age.

DECIDED OCTOBER 23, 1997 —
RECONSIDERATION DENIED NOVEMBER 3, 1997 — ▮▮▮▮▮

*L. Clark Landrum*, for appellant.

*C. Paul Bowden, District Attorney, Holli G. Martin, Assistant District Attorney,* for appellee. ·