### A97A0963. COLLINS v. THE STATE.
(495 SE2d 59)

SMITH, Judge.

William Perry Collins was indicted by a DeKalb County grand jury on one count of rape, OCGA § 16-6-1 (a), one count of statutory rape, OCGA § 16-6-3 (a), and one count of incest, OCGA § 16-6-22 (a) (1). He was convicted by a jury on all three counts, and his motion for new trial was denied. Collins appeals, asserting the general grounds and the existence of newly discovered evidence. Because the State failed to prove the element of force required in the offense of rape, we reverse as to that conviction. The remaining convictions are affirmed.

1. Collins asserts the general grounds, contending specifically that the State failed to prove force, and that the State failed to show the corroboration required for a conviction of statutory rape.

(a) Common-law or forcible rape consists of three elements: (1) carnal knowledge of a female; (2) forcibly; and (3) against her will. OCGA § 16-6-1 (a). The State points to no evidence of force, asserting that force need not be proved when the victim is a minor.[1] This is an incorrect statement of the law.

In *Drake v. State*, 239 Ga. 232, 233 (1) (236 SE2d 748) (1977), the Supreme Court of Georgia expressly held that force is a necessary element of the offense of common-law or forcible rape against an under-age victim. Noting that a female under the age of 14 is legally incapable of giving consent, the Supreme Court distinguished between the element of nonconsent and that of force: "When an act of sexual intercourse with a girl under 14 is shown, statutory rape is shown. If the state desires to convict a defendant of forcible rape, it must prove the element of force by *acts* of force (or mental coercion) — age has nothing to do with it. Considerations of 'consent' and 'force' and 'against her will' are irrelevant in a statutory rape case, and the age of the victim is irrelevant in a forcible rape case except insofar as it may show her incapable of giving consent and thereby supply the 'against her will' element. Force must also be shown, of course." Id. at 233-234. "Were the contrary true — that the victim's

---

[1] The trial court also charged the jury in this language. But Collins does not enumerate this as error.

age supplies the element of *force* — then as a practical matter no one would be convicted of statutory rape because the state's case making out statutory rape also would make out forcible rape." Id. at 234.

In *Edmonson v. State*, 219 Ga. App. 323, 324 (2) (464 SE2d 839) (1995) (special concurrence as to Division 3 only), this Court cited *Drake* for the proposition that a female under 14 years old is legally incapable of consenting to sex. Again citing *Drake*, this Court then reasoned that "[w]here this is the case, 'the requirement of force is found in constructive force, that is, in the use of such force as is necessary to effect the penetration made by the defendant.' [Cit.]" Id.

*Edmonson*, however, conflates the issues of lack of consent and force in precisely the manner forbidden by the *Drake* decision, and it takes out of context and misapplies the quoted language. The Supreme Court in *Drake* makes it plain that the language quoted in *Edmonson* applies "only where children are not involved," and a female of legal age is unable to consent because she is "intoxicated, drugged, or mentally incompetent." *Drake*, supra at 234. Only in such situations, according to the Supreme Court, "the requirement of force is found in constructive force." Id. To the extent that *Edmonson* contradicts the clear holding in *Drake* that the victim's age alone cannot supply the element of force, it must be overruled.

The State's reliance on *Luke v. State*, 222 Ga. App. 203 (474 SE2d 49) (1996), is misplaced because that case involved aggravated sodomy rather than rape. Moreover, in that decision we discussed at length the *Drake* holding and the requirement of proof of force, as opposed to lack of consent, in forcible rape cases involving children. Id. at 204-205.

The dissent's reliance on three Supreme Court of Georgia cases is similarly misplaced because none of those cases involves a charge of forcible or common-law rape. In *Cooper v. State*, 256 Ga. 631 (352 SE2d 382) (1987), the defendant committed aggravated sodomy on a five-year-old child. *Richardson v. State*, 256 Ga. 746 (353 SE2d 342) (1987), involves incest and sodomy. In *Brown v. State*, 268 Ga. 154 (486 SE2d 178) (1997), the defendant was charged with malice murder and asserted justification in using deadly force to prevent the molestation of his five-year-old daughter. The dissent ignores the inevitable result of supplying the element of force in forcible rape by the age of the victim: as the Supreme Court observed in *Drake*, supra, the State simply by proving statutory rape would also prove every element of forcible rape, and the crime of statutory rape would cease to exist.

In this case, the victim testified that Collins asked her to rub his back and then "laid [her] on the bed," pulled off her clothes, and had sex with her. She did not yell or scream. She acknowledged that Collins did not force her onto the bed, and that she did not tell him to

stop or to leave her alone. Nowhere did the victim testify that she was threatened, intimidated, or mentally coerced by Collins.

While the State does not cite or rely on his testimony, the physician who examined the victim testified that the victim told him her stepfather "forced her to have sex." The prosecutor then asked the physician whether another, earlier incident involving the victim was "also a forcible assault," and the physician responded, "Yeah, it was also forcible assault. I mean, she didn't give any consent for that." He found no evidence of bruising, abrasions, or lacerations on the victim's body. The physician's ambiguous and conclusory statement with regard to whether the victim was "forced," standing alone, cannot support proof of the necessary element of force beyond a reasonable doubt. It is apparent from his express definition of "forcible assault" as nonconsensual sex that the physician, like the State, confused the issues of nonconsent and force.

The State having failed to show the necessary element of force beyond a reasonable doubt, Collins's conviction for common-law or forcible rape must be reversed.

(b) Collins also contends that his conviction for statutory rape cannot stand without corroboration of the victim's testimony. While this is a correct statement of the law, see OCGA § 16-6-3 (a), "the quantum of corroboration needed is not that which is in itself sufficient to convict the accused, but only that amount of independent evidence which tends to prove that the incident occurred as alleged. Slight circumstances may be sufficient corroboration and ultimately the question of corroboration is one for the jury." (Citations and punctuation omitted.) *Dye v. State*, 205 Ga. App. 781, 782 (423 SE2d 713) (1992).

Here, the victim's testimony was sufficiently corroborated by medical testimony and physical evidence on the scene, see *Shelton v. State*, 196 Ga. App. 163 (1) (395 SE2d 618) (1990), and by the victim's prior consistent statement to her mother. *Turner v. State*, 223 Ga. App. 448, 450 (477 SE2d 847) (1996). Collins correctly notes that the medical testimony was directly contradicted by other medical evidence in the State's case and that the mother's testimony was impeached to some degree. Even more troubling is the victim's frank acknowledgment on the stand that she planned to kill Collins because he attempted to discipline her, that she told Collins she was "going to get rid of him one way or the other," and that she "set out with the intent of getting this man out of [the] house." Collins contends that the victim was also angry with him because he interfered in a sexual relationship between her and another man, her uncle. The victim admitted the relationship and Collins's attempt to end it. Collins contends that, because the victim knew that her uncle had been sent to jail after their relationship came to light, she accused

Collins in order to remove him from the house.

As we have noted, however, only slight evidence is necessary to corroborate the victim's testimony. While the evidence was in sharp conflict, this Court cannot weigh testimony, judge the credibility of witnesses, or speculate as to which evidence the jury chose to believe or disbelieve. *Thompson v. State*, 210 Ga. App. 655, 656 (1) (436 SE2d 799) (1993). Although the trial court was also troubled and concerned over this evidence, it correctly observed that "all the evidence was presented to the jury and the jury deliberated and reached their verdict." The evidence was sufficient to enable a rational trier of fact to find Collins guilty beyond a reasonable doubt of the offenses of statutory rape and incest as alleged in Counts 2 and 3 of the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his remaining enumeration of error, Collins seeks a new trial on the ground of newly discovered evidence. He contends that he should be allowed to obtain a medical examination showing that he is free of a venereal disease with which the victim was shown to be infected.

"[M]otions for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and a refusal to grant the motion will not be reversed unless that discretion is abused." (Citations and punctuation omitted.) *Davis v. State*, 221 Ga. App. 375, 377 (471 SE2d 307) (1996). Collins must "satisfy the court (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credibility of a witness. All six requirements must be satisfied before a new trial will be granted. Failure to show one requirement is sufficient to deny a motion for new trial. [Cits.]" *Humphrey v. State*, 252 Ga. 525, 528 (314 SE2d 436) (1984).

Collins has failed to satisfy the first of these criteria. Approximately eight months before trial, medical records were served on Collins. These records show the presence of the venereal infection in question on the victim's initial medical exam. Collins has not demonstrated that the failure to obtain the necessary medical tests during the eight months before trial was not owing to his want of due diligence. The trial court did not abuse its discretion in denying Collins's motion for new trial on the ground of newly discovered evidence.

*Judgment affirmed as to convictions and sentences for the offenses of statutory rape and incest. Judgment reversed as to conviction and sentence for the offense of rape. Andrews, C. J., Birdsong, P. J., Pope, P. J., Johnson, Blackburn, Ruffin, JJ., and Senior Appel-*

*late Judge Harold R. Banke concur. Beasley and Eldridge, JJ., concur in part and dissent in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I concur in all but Division 1 (a), from which I respectfully dissent. The majority does not take into account the 1987 Supreme Court cases of *Cooper v. State,* 256 Ga. 631 (352 SE2d 382) (1987) and *Richardson v. State,* 256 Ga. 746 (353 SE2d 342) (1987), or the 1997 case of *Brown v. State,* 268 Ga. 154 (486 SE2d 178) (1997). They succeeded *Drake v. State,* 239 Ga. 232 (236 SE2d 748) (1977), upon which the majority depends. The trial court correctly charged the jury on this point, instructing that "[s]exual acts directed at children are, in law, forcible and against the will of the child." The charge is not in the pattern charge book, see Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2nd ed. 1991), although it contains revisions as recent as August 1996.

Applying the law in force at the time of Collins' acts in 1994, his conviction of rape must be affirmed. See the special concurrence in *Durr v. State,* 229 Ga. App. 103 (493 SE2d 210) (1997). This Court's opinion in *Edmonson v. State,* 219 Ga. App. 323, 324 (2) (464 SE2d 839) (1995), should not be overruled.

The trial court merged the rape and statutory rape verdicts for sentencing and conviction purposes, as the law requires. OCGA § 16-1-7 (a).

I am authorized to state that Judge Eldridge joins in this opinion.

ELDRIDGE, Judge, concurring in part and dissenting in part.

I dissent as to Division 1 (a). In my view, refusing to recognize the application of *Edmonson v. State,* 219 Ga. App. 323 (464 SE2d 839) (1995), to the instant case only creates another basis upon which the bench and bar may scratch their collective heads in bewilderment at our seemingly random employment of the law.

1. (a) The majority does not recognize that the point for which they rely upon *Drake v. State,* 239 Ga. 232 (236 SE2d 748) (1977), i.e., "force must be proved in a 'forcible rape' case against a child," is *not* good law. One need only follow the progression of case law to see this:

(1) In *Drake,* while explaining the connection between "force" and "willingness," the Supreme Court found that "[w]hen the victim is physically or mentally *unable to give consent to the act,* as when she is intoxicated, drugged, or mentally incompetent, the requirement of force is found in constructive force, that is, in the use of such force as is necessary to effect the penetration made by the defendant." (Emphasis supplied.) Id. at 234-235.

(2) Then, this Court in *Cooper v. State,* 180 Ga. App. 37 (348

SE2d 486) (1986) (*"Cooper I"*), analogized the above language of *Drake* to a situation involving a child victim, because such victim is *unable to give consent to the act*. This Court determined that "in rape (and perforce in sodomy) the force necessary to overcome the victim's resistance was the force meant by the statute. Since in one incapable of resisting or of consenting or dissenting there is no predicate in law for the showing of force as a reaction in resisting defendant, the force that must be shown is simply the force necessary to commit the *sexual act* on one whom the law views as, in fact, having no legal capacity to resist or deny consent. From the beginning this included *children* of tender years and under the age of criminal responsibility[.]" (Emphasis supplied.) Id. at 38. In establishing this precedent in *Cooper I*, we recognized that such rule applied "in *rape* and perforce in sodomy" when a victim is unable to consent.[2]

(3) Then, in its 1987 decision in *Cooper v. State,* 256 Ga. 631 (352 SE2d 382) (1987) (*"Cooper II"*), the Supreme Court of Georgia *agreed* with our analysis that the "constructive force" language in *Drake* applied to a child victim of a sexual offense, because such child is *unable to give consent to the act*. The Supreme Court affirmed this Court's holding in *Cooper I*. In so doing, the Supreme Court expanded and laid down the *precise* rule of law. Justice Weltner, for a unanimous court, wrote "[a] five-year-old child cannot consent to *any* sexual act. [Cits.] Sexual acts directed to such child are, in law, *forcible* and against the will. [Cit.]" (Emphasis supplied.) Id. at 631 (2).[3] "*Any* sexual act" was the language used; no distinctions were made.

(4) Then, the Supreme Court reiterated this rule of law in *Richardson v. State*, 256 Ga. 746 (353 SE2d 342) (1987), with regard to a 12-year-old victim: "Sexual acts directed to children are, in law, *forcible* and against the will." (Emphasis supplied.) Id. at 747. No distinction was made with regard to types of sexual acts.

(5) Then in *Edmonson v. State*, 219 Ga. App. 323 (464 SE2d 839) (1995), utilizing the language of *Drake*, we reiterated this rule of law as it relates to children and sex crimes: "A female under 14 years old is legally incapable of consenting to *sex. Drake*, [supra]. Where this is the case, 'the requirement of *force* is found in constructive force, that is, in the use of such force as is necessary to effect the penetration made by the defendant." (Emphasis supplied.) Id. at 324. We made no distinction between sexual acts perpetrated against children. There-

---

[2] Aggravated sodomy requires the same elements of "force" and "lack of consent" as does forcible rape.

[3] As a practical matter, one does not *need* to use force when consent is given. "Consent: a concurrence of wills. *Voluntarily yielding* the will to the proposition of another; acquiescence or compliance therewith." (Emphasis supplied.) Black's Law Dictionary, 5th ed., p. 276. Thus, when consent is not an issue, a showing of force is needless.

after, the Supreme Court denied application for writ of certiorari in *Edmonson*, Case No. S96C0552.

(6) Then, this year in *Brown v. State*, 268 Ga. 154 (486 SE2d 178) (1997), the Supreme Court again reiterated this rule of law as it relates to children and sexual offenses: "Because children do not have the capacity to give consent to or resist a *sexual act* directed at them, such acts 'are, in law, forcible and against the will' of the child." (Emphasis supplied.) Id. at 155. Again, no distinction was made between any particular type of sex act perpetrated against children.

How much clearer can it get? By what form of logic do we take the rule, "sexual acts directed to children are, in law, forcible and against the will," and, from that, derive the notion that the rule excludes the sexual act of "forcible rape" against a child? What Supreme Court decision has negated the evolution of *Drake* over the last 20 years as reflected in *Cooper I, Cooper II, Richardson, Edmonson*, and *Brown*?[4]

The majority attempts to distinguish both this Court's prior cases and the above Supreme Court cases by the simple pronouncement that "none of those cases involves a charge of forcible or common-law rape." This is no answer at all. We applied the rule to rape in the language of both *Cooper I* and *Edmonson*. And, although given ample opportunity to do so (including application for certiorari in *Edmonson*), the Supreme Court has declined to establish any type of sexual act against children to which the rule would *not* apply. Simply because the Supreme Court first laid out the rule of law in an "aggravated sodomy" case means nothing when the Supreme Court's rule repeatedly states that sexual *acts*, without distinction, directed at children are, in law, forcible and against the will. In my view, the only body which appears confused about this point is this Court. See *Luke v. State*, 222 Ga. App. 203 (474 SE2d 49) (1996); see also *Durr v. State*, 229 Ga. App. 103 (493 SE2d 210) (1997).

(b) Immaterial, also, is the majority's concern that, "the crime of statutory rape would cease to exist," if the elements of "lack of consent" and "force" are supplied by virtue of the victim's age. The Legislature was aware of this "inclusive" aspect when first enacting statutory rape in 1918.[5] As enacted, statutory rape was never meant to have the effect of creating a new and separate crime of rape, but sought only to raise the age of consent from that of the common law, which was under ten years of age, to fourteen years of age. *Harrison*

---

[4] See also *Huggins v. State*, 192 Ga. App. 820 (386 SE2d 703) (1989): "the Supreme Court has ruled that 'sexual acts directed to children are, in law, forcible and against the will.' *Richardson*, [supra]. See also *Cooper [II]*."

[5] See *Buice v. Dixon*, 223 Ga. 645 (157 SE2d 481) (1967); *City of Dalton v. Gene Rogers Constr. Co.*, 223 Ga. App. 819 (479 SE2d 171) (1996).

*v. State*, 71 Ga. App. 369 (31 SE2d 119) (1944). In statutory rape, as it was enacted, a defendant "shall be guilty of *rape*, and on conviction thereof shall be punished as prescribed by Section 94 of the Penal Code of Georgia of 1910 [forcible rape], unless the jury trying the cause shall recommend that the defendant be punished as for a misdemeanor." (Emphasis supplied.) Ga. L. 1918, p. 259; see also *Harrison*, supra. That the elements of "force" and "lack of consent" are "presumed" when the offense of rape is committed against a child comes to us from the common law: "A child under ten years of age [then the age of consent], cannot consent to carnal intercourse, so as to rebut the presumption of force." *Stephen v. State*, 11 Ga. 225 (15) (1852); see also *Wright v. State*, 184 Ga. 62 (190 SE 663) (1937); *Cooper I*. Throughout its incarnations since 1918, statutory rape has not changed in this regard: substantively, it is still inclusive in the offense of rape.[6]

Moreover, contrary to the position of the majority, the substantive *offense* of statutory rape does not "cease to exist" because "sexual acts directed to children are, in law, forcible and against the will." When statutory rape is charged, the jury has the option to find a defendant guilty thereof, in addition to or in lieu of rape. "[T]he jury shall be the judges of the law and the facts." Ga. Const. of 1983, Art. I, Sec. I, Par. XI. "Juries in criminal cases in this country are free to render verdicts that are inconsistent or even the result of mistake or compromise. *Dunn v. United States*, 284 U. S. 390, 393 (52 SC 189, 76 LE 356) (1932)." *Dixon v. State*, 157 Ga. App. 550, 551 (278 SE2d 130) (1981). The majority's real concern is that the statutory rape *sentencing options* "cease to exist" when, as here, a defendant is found guilty of both statutory rape *and* forcible rape, because the offense of statutory rape is merged into the offense of forcible rape for purposes of *sentencing*. *Wofford*, supra. However, the creation of different sentencing options, wherein the judge may use his discretion to sentence as for rape or for statutory rape when a defendant is convicted of both (a choice the jury used to have), is beyond the authority of this Court. Meanwhile, the substantive offense of statutory rape still

---

[6] Statutory rape is included in the offense of rape when an act of sexual intercourse is perpetrated against a child and forms the basis for an indictment. *Wofford v. State*, 226 Ga. App. 487 (486 SE2d 697) (1997); compare *Andrews v. State*, 200 Ga. App. 47 (406 SE2d 801) (1991); see *Pryor v. State*, 238 Ga. 698, 700-701 (234 SE2d 918) (1977) (the "alternative test": a crime is included in the other when (a) it is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged, *or* (b) it differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission); see also *Marcello v. State*, 220 Ga. App. 284 (3) (469 SE2d 252) (1996); cf. *Hill v. State*, 246 Ga. 402, 405 (271 SE2d 802) (1980) (statutory rape is not a lesser included offense of rape as a matter of *law* because of the additional element of "age").

"exists" and still relates to the substantive offense of forcible rape in the same manner the Legislature intended from the beginning: as inclusive.

2. In the instant case, the trial court charged the jury that *"Sexual acts directed at children are, in law, forcible and against the will of the child."* (Emphasis supplied.) As noted by the majority, no evidence of force was presented. Thus, the jury convicted the appellant of forcible rape on the authority of the rule of law contained in this charge. Notably, appellant does not claim that this charge is error.

The above charge does not come from *Edmonson*. This is the language of the rule of law as laid out by the Supreme Court in *Cooper II*, *Richardson*, and *Brown*. This Court cannot reject those cases and their holdings. Procedurally, overruling our decision in *Edmonson* provides no basis whatsoever upon which to reverse appellant's conviction for forcible rape when *Edmonson* provided no basis whatsoever for appellant's conviction in the first place. Accordingly, the majority may overrule *Edmonson*, but the trial court still correctly charged the jury that "sexual acts directed to children are, in law, forcible and against the will," and the jury had the authority to so find.

3. In my view, what seems to drive this case is the fact that we are faced with a less than sympathetic 13-year-old child/victim. See majority, Division (1) (b), supra. That a victim's youth, alone, should be sufficient to elevate a defendant's act to "forcible rape" may go against the grain when the victim's actions appear not particularly naive or "youthful" and no "force" was necessary. However, the majority's dislike of the end result does not justify the means by which they seek to alter it. As I have stated, the harder course, always, is to dispassionately examine the *law*, and how it relates to the facts as alleged in the indictment and as proved at trial. Unless and until the Supreme Court of Georgia declares differently, the rule of law is that "sexual acts [without distinction] directed to children are, in law, forcible and against the will." *Richardson*, supra at 747; see *Drake*; *Cooper I*; *Cooper II*; *Edmonson*; *Brown*; see also *Huggins*, supra; *Luke*, supra. Accordingly, the evidence was sufficient in this case for a rational trier of fact to have found appellant guilty of the sexual act of "forcible rape" against the 13-year-old victim.

DECIDED DECEMBER 4, 1997 — ▮▮▮▮▮▮▮

*Kendal D. Silas*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Lee A. Mangone, Robert M. Coker, Assistant District Attorneys*, for appellee.